# Commonwealth ex rel. Wilson, Banking Com'r, v. LaGrange Bank & Trust Co. et al.

(Decided Nov. 17, 1933.)

H. ELLIOTT NETHERTON for appellant.

J. BALLARD CLARK for appellees.

R. F. PEAK amicus curiæ.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

The appellees, Oldham Bank & Trust Company, the People's Bank, and certain designated stockholders of these banks, together with the LaGrange Bank & Trust Company were defendants below. The demurrer of these defendants with the exception of the LaGrange Bank & Trust Company having been sustained' to the petition as amended of the appellant, plaintiff below, and it having declined to plead further, the petition as amended was dismissed and this appeal results.

The petition as amended, together with the exhibits filed in support thereof, alleged this state of facts: On the 15th day of June, 1928, the People's Bank of La-Grange and the Oldham Bank & Trust Company, both

of which banks were doing business in the town of La-
Grange, entered into a contract with a bank which had
been newly organized with fresh capital and then call-
ed "Bank of LaGrange." The corporate name of this
last-named bank was later changed to that of LaGrange
Bank & Trust Co. At that time, the two older banks
found themselves in a somewhat frozen condition. In-
deed, the new bank had been organized to take care of
the situation. By the contract that day entered into
between the new bank and the two old banks, the new
bank assumed all of the liabilities of each of the two
older banks except capital stock liability and there was
transferred to the new bank all of the assets of each
of the two older banks. The petition as amended avers
that the new bank duly discharged the obligation to pay
the liabilities of the older banks thus assumed and that
all of such liabilities of the two older banks have been
paid. So far as the assets of the two older banks trans-
ferred to the new bank were concerned, the contract
provided that the new bank was to make diligent effort
to reimburse itself for the liabilities it had assumed
out of the assets which had been transferred to it, and
that, after it had realized a sufficient amount from such
assets to reimburse itself for the liabilities it had as-
sumed, it would turn over to the two older banks, re-
spectively, any excess of assets received from such bank
over what was necessary to discharge the liabilities of
such older bank assumed and paid by the new bank.
The contract further provided that "in the event the
assets of either" of the two old banks "when collected
or liquidated do not realize a sufficient amount to pay
off or reimburse" the new bank "in full the amount of
the liabilities assumed," then the two old banks "as
their interests appear will reimburse" the new bank
"for any loss sustained to an amount not exceeding the
double liability of the capital stock of the respective
banks." The new bank "shall make no claim against"
the old banks "after two years from the date of this
instrument."On the 26th day of May, 1930, the new
bank voluntarily and by action of its board of directors
went into liquidation and placed all of its affairs and
business in the hands of the state banking commissioner
of the State of Kentucky on whose relation this suit is
brought. On that day the board of directors of the
new bank adopted a resolution reciting that there was
an apparent deficit in the amount due the new bank

from the old banks because of the probable insufficiency of the assets received from the old banks to take care of the liabilities assumed and paid by the new bank for the old banks, and that as it was impossible at that time to determine the exact amount of said deficit, in order to protect the new bank, it was ordered that the statutory double liability be asserted against the stockholders of the old banks to an amount sufficient to pay said deficit, if any. Notice of this resolution was mailed to each of the stockholders of the two old banks. The petition as amended with the exhibits further discloses that the new bank has yet on hand assets of the two older banks which it is alleged are frozen. The petition as amended further alleges that the assets of the new bank are not sufficient to meet the liabilities of that bank and that it will be necessary to collect in full the double liability of the stockholders of the new bank to meet in part the deficit existing between its assets and liabilities. The petition further avers that the two old banks are insolvent and that it will be necessary in order to discharge their respective liabilities to collect in full the double liability of their respective stockholders, the petition averring that the state banking commissioner is in charge of their affairs. Just how he got in charge of their affairs is not disclosed by anything in the petition. The petition prays for an order of the court authorizing the state banking commisioner through his deputy in charge of the liquidation of the new bank and as he avers in charge also of the two older banks to levy against the stockholders of all three banks an assessment for double stockholders' liability in full. The court sustained the prayer of the banking commissioner through his deputy in so far as the stockholders of the new bank were concerned, but, as stated, sustained the demurrer of the two older banks and its designated stockholders to the petition as amended.

The court was clearly right in sustaining such demurrer. The petition as amended, together with the exhibits filed with it, disclose that all of the liabilities of the two old banks assumed by the new bank have been paid. Therefore, the only liability yet extant of the two old banks except capital stock liability is the liability incurred by them under the contract of June, 1928. This contract, it is true, obligated the two old banks to reimburse the new bank for any deficiency of

assets transferred. But such liability under the contract was not to accrue until the assets transferred had been liquidated and it had been found that the proceeds were not sufficient to discharge the liabilities assumed. The contract expressly provided that if the new bank wished to hold either of the two older banks on this obligation, it would have to liquidate the assets received within the two-year period mentioned in the contract. Indeed, the resolution of the board of directors of the new bank adopted in May, 1930, did not say that there was an actual deficit in the assets received but only an apparent deficit. The old banks only obligated themselves to pay off any deficit that might exist after the assets transferred to the new bank had been liquidated. Not until then were either of the old banks obligated by the contract to pay a penny. Since the conditions under which the old banks might owe the new bank anything have not been met, the new bank has no claim against the old banks and since this is the only obligation outside of capital stock liability which either of the old banks had or have, it inevitably results that there was no occasion for the assessment of double liability upon their stockholders conceding for the sake of argument that the banking commissioner was in charge of their affairs. The judgment of the lower court is affirmed.