GURNEY P. HOOD, COMMISSIONER OF BANKS OF THE STATE OF NORTH CAROLINA, ON RELATION OF UNITED BANK & TRUST COMPANY; GURNEY P. HOOD, COMMISSIONER OF BANKS OF THE STATE OF NORTH CAROLINA, ON RELATION OF THE UNITED BANK & TRUST COMPANY; AND W. P. DYER, JR., LIQUIDATING AGENT OF THE UNITED BANK & TRUST COMPANY, v. RICHARDSON REALTY, INCORPORATED, J. C. WATKINS, AND W. F. ROSS.

(Filed 19 May, 1937.)

**1. Appeal and Error § 45f—**

Upon appeal from judgment sustaining a demurrer, the complaint and exhibits attached thereto will be examined to determine the sufficiency of the pleading to constitute a cause of action against demurring defendant.

**2. Pleadings § 20—**

A demurrer admits facts properly alleged aside from deductions of the pleader, and requires that the pleading should be liberally construed.

**3. Banks and Banking § 16—**

The complaint in this action *is held* sufficient, as against demurrer, to allege that defendant was the real or beneficial owner of shares of stock appearing on the books of the bank in the name of another.

**4. Same—Statutory liability is for benefit of creditors of the bank and is not enforcible when all debts of bank have been paid.**

The statutory liability of stockholders of a bank constitutes a trust fund for the benefit of all the creditors of the bank enforcible by the statutory receiver for their benefit upon the insolvency of the bank, and upon payment of all the creditors of an insolvent bank the statutory liability of stockholders is no longer enforcible.

**5. Same—Bank paying creditors and taking over assets of insolvent bank held not creditor of insolvent bank so as to enforce statutory liability.**

A bank, in consideration of paying or discharging all the debts of an insolvent bank, took over all its assets, including the statutory liability of the stockholders of the insolvent bank. *Held:* The transaction amounted to a sale and purchase and all debts of the insolvent bank being discharged, the statutory liability of its stockholders, upon which no assessment had been made nor judgment docketed, could no longer be enforced, and the transferee bank may not complain that some of the assets so bought were worthless, or maintain the position of creditor of the insolvent bank for the purpose of enforcing the statutory liability of its stockholders in the absence of a contract of guaranty, or undertaking to repay, or facts sufficient to raise the equity of subrogation.

**6. Same—Statutory liability of stockholders is for benefit of creditors of the bank and may not be enforced for benefit of others.**

The Commissioner of Banks, as authorized by judgment of the Superior Court, transferred and assigned all assets of an insolvent bank, including judgments on stock assessments docketed and to be docketed, to a new bank in consideration of the new bank's paying or discharging all creditors of the old bank, and filed final account showing payment of all creditors of the old bank. Thereafter the new bank became insolvent and this action was instituted by the Commissioner of Banks for the benefit of creditors of the new bank to enforce the statutory liability against defendant by showing that defendant was the real or beneficial owner of stock in the old bank which appeared on the books of the bank in the name of another against whom assessment had been levied and judgment docketed. *Held:* The statutory liability of stockholders of the old bank is enforcible solely for the benefit of the creditors of the old bank and is not a chose in action ordinarily assignable, and neither the new bank nor the commissioner of banks as its statutory receiver acquired the right to enforce the statutory liability against defendant by showing that he was the beneficial owner of stock in the old bank.

**7. Same: Judgments § 37—**

The assignment of a judgment on an assessment of the statutory liability on bank stock does not entitle the assignee to subject another to

liability thereon on the ground that such other person was the real or beneficial owner of the stock.

**8. Banks and Banking § 16: Constitutional Law § 21—**

As between a stockholder and a creditor or depositor of a bank prior to the passage of ch. 99, Public Laws of 1935, the provisions of the statute relieving the stockholder of his statutory liability would seem to be an impairment of a contractual obligation prohibited by Art. I, sec. 10, of the Federal Constitution.

**9. Same—**

A person not appearing on the books of a bank as a stockholder would seem to be relieved of liability in a suit alleging he was the real or beneficial owner of stock by ch. 99, Public Laws of 1935, since no rights had vested or assessment levied at the time of the passage of the act.

**10. Statutes § 6—**

A statute will not be declared unconstitutional unless clearly so.

**11. Appeal and Error § 45g—**

Appellate courts will not decide the constitutionality of a statute unless it is necessary to protect some constitutional right that has been invaded or threatened.

STACY, C. J., concurs in result.

APPEAL by plaintiffs from *Armstrong, J.,* at February Term, 1937, of GUILFORD. Affirmed.

Action to recover of defendant Richardson Realty, Inc., the stock assessment on one hundred shares of stock in the closed and liquidated United Bank & Trust Company. It was alleged that defendant was the real owner of the shares of stock, certificate for which had been issued in the name of W. F. Ross and against whom assessment had been levied and judgment docketed.

The defendant Richardson Realty, Inc., demurred *ore tenus* to the complaint, on the ground that sufficient facts were not alleged to constitute a cause of action as to it. The demurrer was sustained and from judgment dismissing the action plaintiffs appealed.

*J. S. Duncan and R. M. Robinson for plaintiffs.*
*Frazier & Frazier and Huger S. King for defendant.*

DEVIN, J. The appeal from ruling of the court below in sustaining the demurrer requires an examination of the allegations of the complaint, together with the exhibits attached and connected therewith, in order to determine the sufficiency of the pleading to constitute a cause of action against the demurring defendant.

In the consideration of a demurrer it is the established rule that all the material facts alleged, aside from the deductions of the pleader, are

deemed admitted, and that the pleading shall be liberally construed. *Blackmore v. Winders,* 144 N. C., 212; *Ramsey v. Furniture Co.,* 209 N. C., 165.

The facts, as they appear from the complaint and exhibits, are substantially these: On 30 December, 1931, United Bank & Trust Company (hereinafter called the old bank) closed its doors on account of insolvency, and Gurney P. Hood, Commissioner of Banks, took charge of its affairs, and thereafter levied an assessment of one hundred per cent on all stockholders of record of said bank. On the stock books of the bank appeared the name of W. F. Ross as the holder of one hundred shares of the par value of one hundred dollars per share. The assessment roll was subsequently docketed in the Superior Court of Guilford County, in accordance with the statute, on 28 June, 1932.

About 14 June, 1932, a new banking institution was organized under the laws of North Carolina, under the name of "The United Bank & Trust Company." This last named bank will be hereinafter styled the new bank. Shortly after its organization the new bank submitted to the Commissioner of Banks in charge of the old bank a proposal to pay a sum sufficient to discharge all preferred claims and the claims of all depositors and creditors of the old bank and to release the Commissioner from all further liability on account of unproven claims, in consideration of the conveyance, transfer, and assignment to the new bank by the Commissioner of Banks of all the property and assets of the old bank, including judgments now docketed or to be docketed representing stockholders' liability. This offer the Commissioner of Banks, on the relation of the old bank, petitioned the court for authority to accept, stating that the proposition had been approved by unanimous vote of the directors and the stockholders of the old bank.

Thereupon, on 27 June, 1932, an order of court was signed by H. Hoyle Sink, Judge presiding in the Twelfth Judicial District, authorizing the Commissioner of Banks "to convey, assign, and transfer to The United Bank & Trust Company of Greensboro (new bank) all the property and assets of every kind and nature of United Bank & Trust Company (old bank), including judgments now docketed or to be docketed in the office of the clerk of the Superior Court of Guilford County, representing stockholders' liability." The Commissioner of Banks was also authorized to distribute the proceeds from such sale in accordance with the agreement of the creditors of the old bank, and the Commissioner was further directed, after making such sale and distribution, to file his final report in accordance with C. S., 218 (c), (18), the order declaring that "the filing of such report shall act as a full and complete discharge of the Commissioner of Banks from all further liability by reason of the liquidation of said United Bank & Trust Company."

Thereafter, Gurney P. Hood, Commissioner of Banks, as statutory liquidator and receiver of United Bank & Trust Company, pursuant to the order of Judge Sink and in accordance with the statute, filed his final report. In this report the Commissioner of Banks stated that he took possession of the old bank for the purpose of liquidation under the statute 30 December, 1931, and "that the affairs of said bank remained in the hands of the Commissioner until 30 June, 1932," and, after reciting the offer of the new bank and the order of Judge Sink, he reported compliance with all the terms and requirements of said order, together with detailed statement of the items of account showing payment of all claims in full or discharge in accordance with depositors' agreement. The Commissioner of Banks concluded the report with the following official statement: "That all of the assets of the trust have been collected, compromised, or sold. Such compromises or sales have been either approved or ordered by the resident or presiding judge of the Superior Court. There now remain, in the hands of the said Gurney P. Hood, statutory liquidator as aforesaid, no assets for further disposal, and all of the liabilities have been legally discharged. That the filing of this final report and accounting completes all proceedings required under the laws of North Carolina to be taken by the Commissioner of Banks as statutory liquidator and receiver of United Bank & Trust Company."

The plaintiffs in their complaint further allege that the shares of stock appearing on the books of the old bank in the name of W. F. Ross, and upon which assessment was levied and judgment docketed, were really the shares of stock of defendant Richardson Realty, Inc., and that this defendant was the real or beneficial owner thereof. The complaint sets out in detail the methods and subterfuges by which it is alleged the defendant concealed its ownership and sought to evade liability. Admitting, for the purposes of the demurrer, the material facts set out in the complaint, the allegations in this respect are sufficient to make it appear, in the light most favorable for the pleader, that Richardson Realty, Inc., was the real or beneficial owner of the shares of stock.

That brings us to the consideration of the question whether a stock liability, which originally might have been capable of enforcement against the defendant under the facts alleged in the complaint, may now constitute a cause of action for recovery by the plaintiffs in this suit.

The double or additional liability of a stockholder in a bank imposed by the statute has been uniformly held to constitute a trust fund for the benefit of the depositors and creditors of the bank. The phrase "trust fund" means that this liability in case of insolvency of the bank should constitute a fund to be equitably distributed for the benefit of all creditors. *Hood, Comr., v. Trust Co.,* 209 N. C., 367; *Bank v. Cotton Mills,* 115 N. C., 507. This liability arises by reason of the statute and is con-

tractual in its nature. Admittedly the Commissioner of Banks on the relation of the old bank could have brought suit to enforce this liability for the benefit of the creditors of the old bank. This liability, while not strictly and in all respects an asset of the bank, is regarded as a contingent asset to be collected by the receiver for distribution among all the creditors, and, if more than sufficient for that purpose, to be repaid to the stockholders.

But it appears here that there are now no creditors of the old bank. They have all been paid in full. The statutory receiver has so reported. His final report has been filed and upon such filing he was discharged, as provided by the previous order of the court. If there are no creditors, the additional stock liability is no longer enforcible. The reason for the imposition of the liability by the statute has failed. The statute imposes the liability only for the payment of the debts of the bank in which the stock is held. The relation of the Commissioner of Banks to the institution being liquidated is that of a statutory receiver. Doubtless he could, even after final report, again come into court upon showing additional uncollected assets and unpaid creditors and continue his administration to final conclusion. But here all the creditors have been paid, and thereupon additional assets, if any, would belong to the stockholders.

The appellants contend, however, that there is an unsatisfied creditor of the old bank, to wit, the new bank; for that the new bank acquired, among other things, a judgment against W. F. Ross which has not been paid, and is uncollectible, and that it has sustained a loss rendering collection of the liability sued on necessary for the reimbursement of the new bank; or on the ground that the new bank, having paid the debts of the old bank, is entitled to occupy the position of creditor of the old bank by reason of that fact.

This position cannot be maintained in view of the fact that it is alleged the new bank took over all the assets of the old bank in consideration of paying all its debts. The new bank was compensated for its obligation by the acquisition of the assets of the old bank. It was a sale and purchase. The new bank got what it bought and cannot now be heard to complain if some of the property it bought proved of little value, in the absence of a contract of guaranty, or undertaking to repay, or facts sufficient to raise the equity of subrogation. Here no promise to repay, express or implied, is alleged. The primary purpose of the transaction in June, 1932, between the Commissioner of Banks representing the old bank on the one hand and the new bank on the other, was to pay off and satisfy the depositors and creditors of the old bank. This was done.

It is true the Commissioner of Banks sues in his capacity as statutory receiver of the old bank, as well as on relation of the new bank, which later also became insolvent, but the suit is alleged to be for the use and benefit of the new bank.

The allegation of the complaint is "that these plaintiffs are advised that by the order of court referred to and the transfer of the assets of United Bank & Trust Company (old bank), The United Bank & Trust Company (new bank) became, and is now, the owner of said assessment, the amount due thereupon and all right thereto, and entitled to enforce such right in this proceeding, and if for any reason The United Bank & Trust Company is not entitled to recover of defendant the $10,000 assessment in its own name, its coplaintiff (Commissioner of Banks on relation of new bank) is entitled to make such recovery for and on behalf of and to the use of The United Bank & Trust Company (new bank)."

Since all the debts of the old bank have been discharged and there are no creditors, it is obvious that suit cannot now be maintained to enforce the statutory liability of an alleged stockholder in that bank. This liability cannot be extended to constitute an obligation for the payment of the creditors of another bank.

This brings us to the consideration of the question whether the additional liability of a stockholder in the old bank is an asset which passed to the new bank by virtue of the conveyance authorized by order of Judge Sink.

The order authorizing the conveyance and transfer uses the words "judgments docketed and to be docketed." But the words "to be docketed" apparently had reference to the fact that the order was signed 27 June, 1932, while all the judgments on the stock assessment were docketed in the Superior Court of Guilford County 28 June, 1932.

In the recent work of Braver on Liquidation of Financial Institutions, the author states the rule as to the assignment of the stockholders' double liability as follows (sec. 276) : "In the absence of special statutory authority, it has been held that the double liability of stockholders is not subject to assignment as an ordinary chose in action, as it is not an asset of the bank, and that a court's approval of the banking commissioner's assignment thereof is void for want of jurisdiction, and the order of approval is subject to collateral attack. Hence, if the Banking Commissioner sells the assets of the insolvent bank and assigns the statutory liability of the stockholders, it has been held that the assignee, or the Banking Commissioner for the benefit of the assignee, cannot enforce it, but that the Banking Commissioner or receiver only is authorized to collect it for the benefit of creditors."

It seems to be generally held that, as this liability is fixed by statute and is imposed solely for the benefit of the creditors of the bank in which the stock is held, it cannot be regarded as an assignable chose in action, ordinarily entitling the assignee to sue for its enforcement. Nor would it pass under the general designation of assets.

"The statutory liability of the stockholder is created exclusively for the benefit of the corporate creditors. It is not to be numbered among

the assets of the corporation and the corporation has no right or interest in it. Cook Stock & Stockholders, sec. 218." *Hill v. Smathers,* 173 N. C., 642; *Hood, Commissioner of Banks, v. Trust Co.,* 209 N. C., 367. See, also, *Hood, Comr., v. Martin,* 203 N. C., 620.

Even if the transfer of assets by the Commissioner of Banks to the new bank expressly attempted to assign the stockholders' liability, there was no authority conferred upon the new bank to enforce a liability created by law exclusively for the benefit of the creditors of the old bank. As was pointed out in *Woodcock v. Bostic,* 118 N. C., 822, "If the courts would not entertain a suit at the hands of the assignee, because of the uselessness to him of the thing transferred, how can it be said that such a thing is assignable?" If the new bank, at the time it purchased the assets of the old bank, had no power to enforce the statutory stockholders' liability, the subsequent insolvency of the new bank would give the statutory receiver no additional rights.

If the plaintiffs seek by this suit to claim the right to subject defendant to liability on the judgment against W. F. Ross, they are met by the decisions of this Court in the recent cases of *Jones v. Franklin Estate,* 209 N. C., 585, and *Security Co. v. Hight, ante,* 117. In *Jones v. Franklin Estate, supra,* it was held that "the mere assignment of a judgment, unless expressly provided for, does not confer upon the assignee the additional right thereafter to subject to the liability of the judgment others who were not parties to the original action, though the assignor, the original plaintiff, might have had a cause of action against them but forebore to pursue it."

The demurrer interposed on the ground that the facts alleged in the complaint are insufficient to constitute a cause of action against the defendant, in the respect pointed out, raises questions relative to the effect of the transfer of the assets of the old bank to the new bank, which have not heretofore been directly determined by this Court, but similar cases have been considered in other jurisdictions, and the weight of authority is in support of the views herein expressed. *Griffin v. Brewer,* 167 Okla., 654; *State ex rel. Mothersead v. Kelly,* 141 Okla., 36; *American Exchange Bank v. Rowsey,* 144 Okla., 172; *Runner v. Dwiggins,* 147 Ind., 238; *Assets Realization Co. v. Howard,* 211 N. Y., 430; *Zang v. Wyant,* 25 Colo., 551; *Williamson v. American Bank,* 109 Fed., 36; *Ames v. American National Bank,* 163 Va., 1, 176 S. E., 204; *Andrew v. Bank,* 214 Iowa, 1339; 82 A. L. R., 1280 (noté); *Trust Co. v. Bradbury,* 117 Minn., 83; *Bank v. Aaron,* 271 Mich., 147; *Wilson v. Bank,* 251 Ky., 372; *Farmers' Bank v. Scott,* 144 Ky., 575; *Bank v. Holsen,* 331 Ill., 622; *Poe v. King,* 217 Iowa, 213; *Emery v. Wilkinson,* 72 Fed. (2nd), 10; *Hightower v. Bank,* 263 U. S., 351; *Bank v. Chapman,* 263 S. W. (Tex.), 929; *Schaberg v. McDonald,* 60 Neb., 493; *Cobe v. Hackney,* 83 Kan., 306; 7 American Jurisprudence, secs. 136, 137.

The appellee calls attention to chapter 99, Public Laws of 1935, as additional reason why the demurrer should be sustained. The appellants, on the other hand, contend that this statute does not apply, and, if it does, it violates the constitutional prohibition against a law impairing the obligation of a contract.

The Act of 1935 in question amends the statute (C. S., 219 [a], and amendments thereto) which imposes the additional liability on stockholders of banks, by adding these words: "Such additional liability as is provided in this section shall cease on 1 July, 1935, with respect to any shares which may have been or may hereafter be issued." The effect of this act is to abolish the statutory double liability of stockholders in the banks of this State, and it is made applicable to all shares of stock, issued or to be issued. The stockholders' liability, having been imposed by statute for the benefit of depositors and other creditors, has been uniformly held to be contractual in its nature. The subscriber to or transferee of shares of bank stock acquires his shares subject to this liability, and the depositors and creditors are regarded as having dealt with the bank presumably in consideration of the additional security afforded by this contractual obligation. Therefore, as between the stockholder and one who was a depositor or creditor of the bank prior to the passage of the act, the statute, which prescribes that this liability shall cease with respect to shares which had theretofore been issued, would seem to offend the constitutional provision of Art. I, sec. 10, of the Constitution of the United States prohibiting the passage of an act impairing the obligation of a contract. *Coombes v. Getz,* 285 U. S., 434. As was well said by *Stacy, C. J.,* in delivering the opinion of the Court in *Nash v. Commissioners of St. Pauls, ante,* 301, "For, a state no more by constitutional amendment than by statute can impair the vested rights held by the creditor in assurance of his debt."

"The prohibition of the Constitution against the passage of laws impairing the obligation of contracts applies to the contracts of the State as well as to contracts between individuals." *Smith v. Commissioners,* 182 N. C., 149.

It was held in *Simons v. Groesbeck,* 268 Mich., 495, that the stockholders' liability, based upon statute, "is contractual in its nature, so much so that the Legislature has been regarded as prohibited by the constitutional prohibition against impairing the obligation of contracts from taking away the stockholders' liability after it has once accrued or attached."

But where no rights had vested, and where neither assessment had been levied nor judgment rendered against this defendant prior to the passage of the Act of 1935, it would seem that the act would avail in the present suit.

Besides, it is well settled that a legislative act will not be held to violate any constitutional provision unless the conflict is so clear that no reasonable doubt can arise (*Glenn v. Board of Education,* 210 N. C., 525; *S. v. Brockwell,* 209 N. C., 209), and it is the established rule of appellate courts that they will not consider or attempt to decide whether a legislative act violates the Constitution unless it appears that it is necessary to do so in order to protect some constitutional right which has been invaded or threatened. *Blackmore v. Duplin Co.,* 201 N. C., 243; *S. v. Rooks,* 207 N. C., 275; *Newman v. Commissioners of Vance,* 208 N. C., 675; *S. v. Williams,* 209 N. C., 57; *Sales Co. v. Grosscup,* 298 U. S., 226. "The judicial power does not extend to the determination of abstract questions." *Ashwander v. Tennessee Valley Authority,* 297 U. S., 288.

In the recent case of *Security Co. v. Hight, ante,* 117, where the assignee of a judgment, based on an assessment for the liability of ostensible stockholders, brought suit to reform the judgment so as to hold others liable therefor as the real owners of the stock, it was said by this Court: "Moreover, it is conceded that since the levy of the assessment in the instant case, the holders of bank stock have been relieved of their double liability by chapter 99, Public Laws of 1935. So, unless the defendants were rendered liable by the original assessment, they cannot now be made liable therefor."

For the reasons stated, we conclude that the judgment sustaining the demurrer must be

Affirmed.

STACY, C. J., concurs in result.