HERBERT J. FOX and Wife, FRANCES HILL FOX, HOWARD W. GAMBLE
and Wife, PAUL D. GAMBLE, ISAAC H. TERRY, JR., J. M. HAGY,
JOHN B. NICHOLS and JULE S. COLEY, for and on Behalf of Them-
selves and Other Residents and Taxpayers of Durham County, v.
THE BOARD OF COMMISSIONERS FOR THE COUNTY OF DURHAM,
S. LeROY PROCTOR, GEORGE F. KIRKLAND, EDWIN B. CLEMENTS,
FRANK H. KENAN and DEWEY S. SCARBORO.

(Filed 26 September, 1956.)

1. **Appeal and Error §§ 1, 6: Constitutional Law § 6½—Constitutionality
of statute will not be determined unless question is presently presented
to protect constitutional rights.**

Plaintiffs attacked the constitutionality of a statute conferring authority
upon a county to adopt a comprehensive zoning ordinance, and the zoning
ordinance enacted pursuant thereto, in their entirety, but did not allege
that any plaintiff owned any property affected by the ordinance or that
demand had been made upon any of them for the payment of fees of any
kind in connection with the enforcement of the ordinance. *Held:* The
courts will decide the constitutionality of a statute only when presently
presented and the determination thereof is necessary in order to protect
rights guaranteed by the Constitution, and therefore the action should
have been dismissed as presenting an abstract question to obtain an adjudi-
cation in the nature of an advisory opinion.

2. **Injunctions § 4g—**

When public officials act in accordance with and under color of an act
of the General Assembly, the constitutionality of such statute may not
be tested in an action to enjoin enforcement thereof unless it is alleged
and shown by plaintiffs that such enforcement will cause them to suffer
personal, direct and irreparable injury.

3. **Same—**

Residents and taxpayers of a county may not, solely on the basis of
such *status*, restrain a county and its officials from appropriating and
expending funds in implementing a zoning ordinance authorized by act of
the General Assembly, since the constitutionality of the statute and ordi-
nance may not be tested by injunction, and plaintiffs would have an ade-
quate remedy at law if an unauthorized or illegal tax should be levied
against any of them. G.S. 105-406.

4. **Statutes § 6—**

A statute or an ordinance may be valid in part and invalid in part, and
therefore a party should not be allowed to challenge the constitutionality
of an entire statute and ordinance in bulk, but should be required to pre-
sent only those particular provisions which they contend impinge in some
way their constitutional rights.

Johnson, J., not sitting.

Rodman, J., took no part in the consideration or decision of this case.

Appeal by plaintiffs from *Mallard, J.,* March Term, 1956, of Durham.

The named plaintiffs, residents of six different townships of Durham County, bring this action as such residents and as taxpayers of Durham County, against the Board of County Commissioners and the members of said board, defendants herein.

Plaintiffs seek to restrain defendants from exercising any authority purportedly conferred upon them by Chapter 1043, Session Laws of 1949: specifically, (1) to restrain defendants from appropriating and paying tax funds to employees or members of the Durham County Zoning Commission, the Durham County Board of Adjustment, or other employees of Durham County acting under said statute or the zoning ordinance adopted by defendants; (2) to restrain defendants from appropriating and paying tax funds for compiling information, printing or other matters affecting or relating to "any zoning ordinance" adopted by defendants; and (3) to restrain defendants from collecting fees "as alleged in Section 25, paragraph 4, entitled 'General Requirements, the Committee of Durham Zoning Ordinance.' "

The said statute applies only to Durham County. Plaintiffs attack said Durham County Act as unconstitutional on two grounds, viz.: 1. It is alleged to be a local act in violation of Article II, Sec. 29, Constitution of North Carolina. 2. It is alleged to be a delegation of legislative power in violation of Article VII, Sec. 2, Constitution of North Carolina.

Exercising the authority purportedly conferred by said Act, defendants adopted a comprehensive zoning ordinance, applicable to all of Durham County not within the corporate limits of a city or town. The ordinance defined in detail the permissible uses of property within each of eighteen types or classes of districts. A map identified the boundaries of various districts and indicated the classification of each. Certain districts were designated on the map as RD—"Rural District." As to land within a Rural District, the ordinance provided that "All realty, and all buildings and structures whatsoever, being or to be used for agricultural, farming, livestock or poultry operations, and all forestry land shall be exempt from each and every provision of this ordinance." The ordinance definition of "agricultural or farming purposes" is quoted in the judgment of the court below.

Defendants appointed a Zoning Commission in accordance with the Act. Upon enactment of the ordinance, defendants appointed a Board of Adjustment as provided in the Act and as provided in the ordinance.

In addition to attacking the Act as unconstitutional, plaintiffs alleged that the ordinance is invalid for that, in violation of the terms of the Act, it attempts to regulate land in use "for farming or agricultural operations or the keeping of livestock."

Answering, defendants alleged the validity, of the Act and of the ordinance, the appointment of the Zoning Commission, the Board of Adjustment, etc., and admitted they were spending county tax funds to implement and enforce the ordinance and would continue to do so unless restrained. The court below, on return of a notice to show cause, had before it the pleadings, the Act, the ordinance and the zoning map. The judgment entered was as follows:

"It is CONSIDERED, ORDERED, ADJUDGED AND DECREED that Chapter 1043 of the 1949 Session Laws is constitutional and does not amount to an unlawful and unconstitutional delegation of legislative powers and that the Board of Commissioners of the County of Durham, the defendant herein, has not delegated to the Durham County Board of Adjustment and Durham County Zoning Commission any authority or power in contradiction of Chapter 1043 of the 1949 Session Laws.

"It is further held that the Zoning Ordinances introduced herein are valid and proper ordinances except that portion of Section III of the Zoning Ordinance which is the subject of the controversy in this matter, is void in that part thereof reading:

'Agricultural or farming purposes shall be realty, buildings or other structures which fall into any one of the following classifications:

'(a) Any area of realty which is comprised of forty (40) acres or more.

'(b) Any area smaller than forty (40) acres which yields an annual gross income of $500.00 or more from any agricultural, farming, livestock or poultry operation, exclusive of home gardens.'

"It is further found as a fact and adjudged that the Zoning Ordinance and the Boards and Commissioners created thereunder are for a public purpose, and the Board of County Commissioners are authorized to appropriate funds derived from sources other than *ad valorem* taxes for the enforcement of said ordinance but they are restrained from expending *ad valorem* taxes for the enforcement thereof.

"IT IS ORDERED that the costs of this action be taxed against the plaintiff."

Plaintiffs excepted and appealed, assigning errors.

*E. C. Brooks, Jr., and Gantt, Gantt & Markham for plaintiffs, appellants.*

*Reade, Fuller, Newsom & Graham for defendants, appellees.*

BOBBITT, J. The court below adjudged: (1) that the Act is constitutional and valid in its entirety; and (2) that the zoning ordinance is in

all respects valid except as to the quoted definition of "agricultural and farming purposes." The questions stated and argued in appellants' brief relate solely to the constitutionality of the Act.

True, the quoted portion of the zoning ordinance adjudged void by the court below was challenged as violative of the Act itself. But it was not alleged or shown that any plaintiff owns realty constituting farm land either subject to or exempt from the provisions of the ordinance. Indeed, it is not alleged or shown that any plaintiff owns any property of any kind presently restricted by the ordinance. Plaintiffs cannot present an abstract question and obtain an adjudication in the nature of an advisory opinion. *Development Co. v. Braxton,* 239 N.C. 427, 79 S.E. 2d 918; *Hood, Comr. of Banks, v. Realty, Inc.,* 211 N.C. 582, 591, 191 S.E. 410.

Plaintiffs alleged that they will suffer irreparable injury unless defendants are restrained from using county tax funds to implement the Act and the ordinance. This is based solely on their status as residents and taxpayers of Durham County. Should an unauthorized or illegal tax be levied against any of the plaintiffs, an adequate remedy at law is available. G.S. 105-406; *Development Co. v. Braxton, supra; Newman v. Comrs. of Vance,* 208 N.C. 675, 182 S.E. 453.

In 28 Am. Jur., Injunctions sec. 182, the general rule is stated as follows: "The usual ground for asking injunctive relief against the enforcement of statutes is their invalidity, but that, of itself, is not sufficient to warrant the exercise by equity of its extraordinary injunctive power. In other words, the mere fact that a statute is alleged to be unconstitutional or invalid will not entitle a party to have its enforcement enjoined. Further circumstances must appear bringing the case under some recognized head of equity jurisdiction and presenting some actual or threatened and irreparable injury to complainant's rights for which there is no adequate legal remedy. If it is apparent that the law can furnish all the relief to which the complainant is entitled, the injunction will be refused."

When public officials act in accordance with and under color of an act of the General Assembly, the constitutionality of such statute may not be tested in an action to enjoin enforcement thereof unless it is alleged and shown by plaintiffs that such enforcement will cause them to suffer personal, direct and irreparable injury. *Newman v. Comrs. of Vance, supra,* and cases cited; *Hood, Comr. of Banks, v. Realty, Inc., supra;* also, see *Amick v. Lancaster,* 228 N.C. 157, 44 S.E. 2d 733. The rule as stated was fully recognized, not impaired, in *Summrell v. Racing Asso.,* 239 N.C. 591, 80 S.E. 2d 638, and in *Taylor v. Racing Asso.,* 241 N.C. 80, 84 S.E. 2d 390. It has been frequently pointed out that "the courts will not declare void an Act of the Legislature unless the question of its constitutionality is presently presented and it is found necessary to

do so in order to protect rights guaranteed by the Constitution." *Turner v. Reidsville,* 224 N.C. 42, 46, 29 S.E. 2d 211; *S. v. Lueders,* 214 N.C. 558, 200 S.E. 22. The rule is epitomized in this succinct statement of *Adams, J.:* "A party who is not personally injured by a statute is not permitted to assail its validity; . . ." *Yarborough v. Park Commission,* 196 N.C. 284, 288, 145 S.E. 563.

"A statute may be valid in part and invalid in part." 82 C.J.S., Statutes sec. 92; *Constantian v. Anson County,* 244 N.C. 221, 228, 93 S.E. 2d 163, and cases cited. This applies equally to an ordinance. *Connor, J.,* reminds us that confusion is caused "by speaking of an act as unconstitutional in a general sense." *St. George v. Hardie,* 147 N.C. 88, 97, 60 S.E. 920. Yet plaintiffs, notwithstanding their failure to allege or show that any provision of the Act or of the ordinance impinges on them in any way, undertake to have the court consider both the Act and the ordinance in bulk and pass on the constitutionality of the numerous provisions contained therein.

The validity of the ordinance, apart from separable details, depends on the constitutionality of the Act. In due course, this Court will decide whether the Act, or a similar act, is constitutional, in whole or in part; but not now on this record. The constitutionality of specific provisions of the Act and of the ordinance must be considered in relation to whether the impact made by enforcement thereof on persons challenging the Act and ordinance will result in an invasion or denial of their specific personal or property rights under the Constitution. Plaintiffs do not allege or show that the enforcement of any specific provisions of the Act or ordinance has made or will make such impact on them.

It is noted that plaintiffs do not allege or show that demand has been made on them for the payment of fees of any kind in connection with the enforcement of the ordinance. Indeed, in the mimeographed copy of the ordinance filed in this Court, it appears that the provisions as to fees, originally appearing in Section XXV, paragraph 4, have been stricken therefrom. Too, it appears that the provision as to penalties for violation of the ordinance, originally appearing in Section XXXVI, has been stricken therefrom.

Consideration of the cases cited in appellants' brief wherein the constitutionality of a statute was successfully challenged reveals that the constitutional question was properly presented by a person directly and personally affected thereby.

Our conclusion is that the court below was in error in undertaking to rule on the constitutionality of the Act and on the validity of the provisions of the ordinance. Hence, the judgment is vacated and the cause remanded with direction that the action be dismissed, plaintiffs' allegations being insufficient to entitle them to injunctive relief.

Judgment vacated and cause remanded.

JOHNSON, J., not sitting.

RODMAN, J., took no part in the consideration or decision of this case.