STATE OF NORTH CAROLINA, Upon the Relation of JOHN CARRINGER, Plaintiff v. C. L. ALVERSON, W. D. TOWNSON, FRANK MAUNEY and MERLE DAVIS, Defendants.

(Filed 1 March, 1961.)

**1. Public Officers § 7—**

If a statute creating a public office is unconstitutional, persons purporting to fill the offices therein created are not public officers, either *de jure* or *de facto*, and therefore their right to hold the office cannot be adjudicated prior to the determination of the constitutionality of the statute.

**2. Constitutional Law § 13: Statutes § 2—**

The statute authorizing the creation of municipal housing authorities is a statute relating to health and sanitation, G.S. 157-2, within the purview of Article II, § 29 of the State Constitution.

**3. Appeal and Error § 1: Constitutional Law § 4—**

The courts will not pass upon the constitutionality of a statute unless the question is squarely presented by a party whose rights are directly involved.

**4. Same—**

Where, in plaintiff's action attacking the constitutionality of the statute authorizing the creation of municipal housing authorities, plaintiff alleges that he is a taxpayer but does not allege that public money has been or is to be expended, that taxes have been or are to be levied, or that debts have been or are to be incurred under the Act by the housing authority in question, or that defendants have invaded or threaten to invade his rights, plaintiff fails to show his qualification to maintain the action, and nonsuit is proper.

**5. Declaratory Judgment Act § 1—**

A stipulation by the parties that the action is a proper case for a declaratory judgment involves a question of law, and is not binding on the courts.

APPEAL by plaintiff from *McLean, J.,* November, 1960 Term, CHEROKEE Superior Court.

Plaintiff alleged in substance (1) that he is a resident and taxpayer of the Town of Murphy, a municipal corporation in Cherokee County, North Carolina—population more than 500, fewer than 5,000. Additional allegations form the basis of the demand for relief:

"4. That recently, and during the year 1960, said Town of Murphy, by and through its Mayor and Council, and upon a petition as required by law, duly and regularly and pursuant to the 'Housing Authorities Law' of the State of North Carolina, Chapter 456, Public Laws of North Carolina 1935, and amendments thereto, and Chapter 1281 of the 1959 Session Laws of the General Assembly of North Carolina as hereinabove set out, established and created a 'Housing Authority of the City of Murphy' and appointed Merle Davis, W. D. Townson, Frank Mauney and J. G. Greene; that said members duly qualified and took their oaths of office, filed with the Secretary of State of North Carolina an application for a Certificate of Incorporation which was subsequently issued by the Secretary of State under the name of the 'Housing Authority of the City of Murphy'; that subsequently the member by the name of J. G. Greene was killed in an automobile accident and this vacancy has not been filled.

"5. That the defendants, C. L. Alverson, W. D. Townson, Merle Davis and Frank Mauney now claimed to be public officers and to hold a public office as members of said 'Housing Authority of the City of Murphy' and as such have and are conducting business and duties of said office under the provisions of Chapter 456 of the Public Laws of 1935, and amendments thereto, the same being Chapter 157 of the General Statutes of North Carolina.

"6. That as the plaintiff is advised, informed and believes said Chapter 1281 of the Session Laws of the 1959 General Assembly of North Carolina which is hereinabove set out and which rewrites G.S. 157-3(2) and particularly the portion thereof which provides: 'That in Alleghany, *Cherokee,* Clay, Graham, Hertford, Macon, Swain, Transylvania, Jackson, Haywood, Madison, Buncombe, Henderson, and Polk Counties a city shall

mean any city or town having a population of more than five hundred (500) inhabitants according to the last Federal Census or revision of amendment thereto,' is violative of Article II, Section 29 of the North Carolina Constitution and is unconstitutional and invalid because it pertains to public health and is local in nature.

"7. That the defendants, C.L. Alverson, W. D. Townson, Merle Davis and Frank Mauney are unlawfully holding and exercising a public office as members of 'Housing Authority of the City of Murphy' because Chapter 1281 of 1959 Session Laws of the General Assembly of North Carolina is unconstitutional and invalid, as hereinabove alleged, and the Town of Murphy had no authority to create a Housing Authority for the City of Murphy under the Laws of the State of North Carolina."

The plaintiff prayed for the following relief:

"1. That Chapter 1281 of the Session Laws of the 1959 General Assembly of North Carolina amending G.S. 157-3(2) is unconstitutional and invalid.

"2. That the defendants be adjudged as unlawfully holding and exercising a public office as members of the 'Housing Authority of the City of Murphy.' "

The defendants filed a joint answer in which they alleged that they are holding office as members of the "Housing Authority of the City of Murphy," by virtue of Chapter 456, Public Laws, Session 1935, and amendments thereto, including Chapter 1281, Session Laws of 1959, all enacted by the North Carolina General Assembly pursuant to and in accordance with its lawful authority under the Constitution of North Carolina. All other allegations of the complaint are admitted.

The parties stipulated:

"1. That the allegations of paragraphs 1, 2, 3, 4, 5 and 8 of the complaint and petition for Declaratory Judgment filed in this proceeding are true and constitute the facts before the Court for its consideration.

"2. That this is a proper matter for a Declaratory Judgment under the provisions of Article 26 of Chapter I of the General Statutes of North Carolina and that there are no irregularities, procedural or otherwise, and the Court has full authority and power to enter a Declaratory Judgment in this proceeding."

The court rendered judgment (1) Chapter 1281, Session Laws of 1959, is constitutional and valid, and (2) the defendants are lawfully holding office. The plaintiff excepted and appealed.

*T. C. Gray, for plaintiff, appellant.*
*McKeever & Edwards, for defendants, appellees.*

HIGGINS, J. The plaintiff brought this action to have the court declare (1) Chapter 1281, Session Laws of 1959, unconstitutional, and (2) the defendants "unlawfully holding and exercising a public office."

The parties admit the Housing Authority Act, prior to the 1959 amendment, did not authorize the "City of Murphy" — population under 5,000, to establish a Housing Authority. It must be conceded, therefore, if the 1959 amendatory act was passed in violation of Article II, Section 29, Constitution of North Carolina, as alleged, the attempt of the Mayor and Council of Murphy and the Secretary of State to establish the Housing Authority was a nullity. If a nullity, the defendants are not officers; hence the court cannot remove them from office. "Where the Legislature undertakes to create a public office by an unconstitutional statute, is the incumbent of such an office an officer *de facto?* This query must be answered in the negative for the very simple reason that there can be no officer, either *de jure* or *de facto,* unless there is a legally existing office to be filled." (citing authorities) *Idol v. Street,* 233 N.C. 730, 65 S.E. 2d 313. So much of the controversy as relates to the right of the defendants to hold office as members of the Housing Authority of the City of Murphy must await determination of the question whether there is such an office.

Is the 1959 amendment within the legislative power? There can be little doubt but that the "Housing Authority Law" relates to health and sanitation. G.S. 157-2 declares the purpose to be the removal of conditions which "cause an increase in and spread of disease and crime and constitute a menace to health, safety, morals and welfare of the citizens . . ." Article II, Section 29, North Carolina Constitution, provides: "The General Assembly shall not pass any local, private, or special act . . . relating to health, sanitation and abatement of nuisances, . . . The General Assembly shall have power to pass general laws regulating matters  set out in this section."

The general law provides that for the purposes of the Housing Act "city" shall mean any incorporated municipality whose population is 5,000 or more. The amendment applicable to 14 of the State's one hundred counties provides "city" for such purpose shall mean any incorporated municipality whose population is 500 or more. The plaintiff contends that Chapter 1281 is an attempt by a local or special act to amend the general law and is forbidden by the Constitution. The defendants contend the amendment is general and not local or

special, in scope. For discussion, see the following authorities: *Memorial Hospital v. Wilmington,* 237 N.C. 179, 74 E. 2d 749; *State ex rel Taylor v. Carolina Racing Association,* 241 N.C. 80, 84 S.E. 2d 390; *Carolina-Virginia Coastal Highway v. Turnpike Authority,* 237 N.C. 52, 74 S.E. 2d 310; *Orange Speedway, Inc. v. Clayton,* 247 N.C. 528, 101 S.E. 2d 406; *Idol v. Street, supra; State v. Dixon,* 215 N.C. 161, 1 S.E. 2d 521; *Sams v. Board of Commissioners,* 217 N.C. 284, 7 S.E. 2d 540, 36 N.C. L. Rev., 537.

Courts are reluctant to hold invalid any Act of the General Assembly. Before deciding any Act unconstitutional the question must be squarely presented by a party whose rights are directly involved. "Courts will not declare void an Act of the Legislature unless the question of its constitutionality is presently presented and it is found necessary to do so in order to protect rights guaranteed by the Constitution." *Fox v. Commissioners,* 244 N.C. 497, 94 S.E. 2d 482. Only an injured party may assail the validity of a statute. *Yarborough v. Park Commission,* 196 N.C. 284, 145 S.E. 563.

Is the plaintiff entitled to maintain this action? He alleges he is a taxpayer. He does not allege that public money has been or is to be expended; that taxes have been or are to be levied; that debts have been or are to be incurred. Neither directly nor by inference does the plaintiff allege the defendants individually or as the Housing Authority have invaded or threatened to invade his rights. Hence he fails to show his qualification to maintain this action. True, the parties have stipulated that this is a proper case for Declaratory Judgment. The stipulation, however, involves a question of law — not binding on the courts. Nonsuit in this case should have been entered in the superior court for failure of the plaintiff to show his right to maintain it.

Reversed.