STATE OF NORTH CAROLINA v. BILLIE JOYCE FREDELL

No. 30

(Filed 11 April 1973)

1. **Indictment and Warrant § 14— constitutionality of statute — challenge by motion to quash warrant**

    A motion to quash the warrant may challenge the constitutionality of the statute under which it was drawn.

2. **Infants § 11— child abuse statute — conduct made punishable**

    G.S. 14-318.2(a) provides for three separate offenses: If the parent by other than accidental means (1) inflicts physical injury upon the child, (2) allows physical injury to be inflicted upon the child, or (3) creates or allows to be created a substantial risk of physical injury.

3. **Infants § 11— provisions of child abuse statute — severability**

    By the enactment of G.S. 14-318.2 the General Assembly intended to provide for three separate and independent offenses, none dependent on the other; therefore, the first section of the statute making infliction of injury upon the child by the parent himself a punishable offense is divisible and separable from the remainder of the statute.

4. **Constitutional Law § 4— standing to question constitutionality of statute**

    Where defendant was not tried under that section of the child abuse statute which she contended was unconstitutional, she was in no position to assert the invalidity of that portion.

5. **Constitutional Law § 30; Infants § 11— child abuse statute — constitutionality**

    The first part of G.S. 14-318.2(a), which the warrant charged defendant violated and for which violation she was convicted, is a reasonable and proper exercise of the police power of the State and defines the proscribed acts with sufficient definiteness to apprise a person of ordinary intelligence of the conduct forbidden; therefore, it is not repugnant to the due process clause of the Fourteenth Amendment of the U. S. Constitution or to the law of the land clause of Article I, § 19, of the N. C. Constitution, and defendant's motion to quash the warrant was properly overruled.

APPEAL by defendant under G.S. 7A-30(1) from decision of the North Carolina Court of Appeals, reported in 17 N.C. App. 205, 193 S.E. 2d 587 (1972), which found no error in her trial before *Exum, J.,* at the 1 May 1972 Criminal Session of GUILFORD Superior Court.

Defendant appealed to the Court of Appeals from conviction and sentence imposed in Superior Court under a warrant

charging her with inflicting serious injuries on her two-year-old son, in violation of G.S. 14-318.2(a).

Only the State offered evidence. This evidence tends to show: On 4 October 1971 Kelly Joe Fredell, a male child approximately two years old, was brought to the emergency room of Cone Hospital in Greensboro, North Carolina, by his parents, the defendant and her husband. At the time the child entered the hospital, he was suffering from circulatory collapse and was moribund, a state near death. The child remained in the hospital for approximately two months.

Four doctors gave testimony related to the child's physical condition at the time of admission. Their testimony discloses: There were a number of bruises about the child's abdomen, head, and extremities. The arms were swollen and the abdomen was distended. The child was suffering from multiple fractures of the skull and arms which were in different stages in the healing process. Additionally, there was a fracture of the eleventh rib. The older fractures had received no medical attention before the child was admitted to the hospital on 4 October 1971. Fractures of this nature could not have resulted from the normal activity and play of the child.

The condition of the child was diagnosed as that of a "battered child," a term meaning the most extreme form of child abuse, characterized by multiple injuries in different stages of healing.

On 8 October 1971 defendant, after being duly informed of her constitutional rights and after having signed a waiver of those rights, was questioned by Carolyn Hinson, a detective assigned to the Youth Division of the Greensboro Police Department. Defendant stated that she had a temper and quite often got mad with her child. When she became angry, she would beat him with a woman's plastic belt, and that these beatings began when the child was one year old. Defendant further stated that neither her husband nor any of the child's baby sitters had beaten him, and that on one occasion her mother-in-law warned her about her conduct towards the child.

The Court of Appeals in an opinion by Judge Graham, concurred in by Judges Campbell and Brock, found no error. Defendant appeals to this Court pursuant to G.S. 7A-30(1) alleging a substantial constitutional question.

State v. Fredell

*Attorney General Robert Morgan and Assistant Attorney General Charles M. Hensey for the State.*

*Wallace C. Harrelson, Public Defender, and Vaiden P. Kendrick, Assistant Public Defender, for defendant appellant.*

MOORE, Justice.

The sole question presented by this appeal is: Did the trial court err in denying defendant's motion to quash the warrant on the ground that the statute under which the defendant is charged is unconstitutionally vague and indefinite?

[1]  A motion to quash may challenge the constitutionality of the statute. *State v. Vestal,* 281 N.C. 517, 189 S.E. 2d 152 (1972) ; *State v. Brewer,* 258 N.C. 533, 129 S.E. 2d 262 (1962) ; *State v. Glidden Co.,* 228 N.C. 664, 46 S.E. 2d 860 (1948).

[2]  Defendant was charged with a violation of G.S. 14-318.2(a), which provides:

> "Any parent of a child less than 16 years of age, or any other person providing care to or supervision of such child, who inflicts physical injury, or who allows physical injury to be inflicted, or who creates or allows to be created a substantial risk of physical injury, upon or to such child by other than accidental means is guilty of the misdemeanor of child abuse."

This statute provides for three separate offenses: If the parent by other than accidental means (1) inflicts physical injury upon the child, (2) allows physical injury to be inflicted upon the child, or (3) creates or allows to be created a substantial risk of physical injury.

Defendant was only tried for actually inflicting injuries upon her child. The jury was fully instructed that if they failed to find beyond a reasonable doubt that defendant inflicted the injuries, they should find defendant not guilty.

Defendant does not attack the constitutionality of that part of G.S. 14-318.2 under which she was tried, but attacks only that portion of the statute which makes it unlawful to create or allow to be created a substantial risk of physical injury. She contends that the phrase "a substantial risk of physical injury" is so vague, indefinite, and uncertain that she is not adequately apprised of the prohibited conduct and is therefore

State v. Fredell

denied due process of law, contrary to Article I, section 19, of the North Carolina Constitution and the due process clause of the Fourteenth Amendment to the United States Constitution. She further contends that if the term "substantial risk" is unconstitutionally vague, no part of the statute can stand and that the entire statute is void.

In this connection it is stated in 16 Am. Jur. 2d, Constitutional Law §§ 181-182:

". . . [I]t is a fundamental principle that a statute may be constitutional in one part and unconstitutional in another and that if the invalid part is severable from the rest, the portion which is constitutional may stand while that which is unconstitutional is stricken out and rejected. . . .

\*     \*     \*

"In line with the rule of severability, the courts will decline to consider the constitutionality of a particular statutory provision where (1) that provision is not necessarily involved in the litigation before the court, and (2) that provision may be severed from the provisions which are necessarily before the court.

\*     \*     \*

"The question whether the rule of severability shall be applied to save partially unconstitutional legislation from being struck down in toto involves, fundamentally, a determination of and conformity with the intent of the legislative body which enacted the legislation. However, in determining what was (or must be deemed to have been) the intention of the legislature, certain tests of severability have been developed. Thus, it is held that if after eliminating the invalid portions, the remaining provisions are operative and sufficient to accomplish their proper purpose, it does not necessarily follow that the whole act is void; and effect may be given to the remaining portions. . . ."

G.S. 14-318.2 was rewritten in its present form by Chapter 710, Session Laws of 1971. As an indication that the General Assembly intended for the different offenses created therein to be independent, divisible and severable, in the same chapter the General Assembly, in defining an abused child, divided the defi-

nition to conform to the offenses created by G.S. 14-318.2, and provided:

"'Abused child' means a child less than 16 years of age whose parent or other person responsible for his care:

"a. inflicts or allows to be inflicted upon such child a physical injury by other than accidental means which causes or creates a substantial risk of death or disfigurement or impairment of physical health or loss or impairment of function of any bodily organ, or

"b. creates or allows to be created a substantial risk of physical injury to such child by other than accidental means which would be likely to cause death or disfigurement or impairment of physical health or loss or impairment of the function of any bodily organ."

In *State v. Brewer, supra,* the defendant was charged with a violation of G.S. 14-353. That statute was divisible into four parts. The defendant was charged with a violation of the first two parts. Justice Parker (later Chief Justice) stated: "We are concerned here with the first two parts of G.S. 14-353 which are divisible and separable from the remainder of the statute." The Court then proceeded to uphold the constitutionality of those two parts without reference to the other sections of the statute.

In *State v. Waddell,* 282 N.C. 431, 194 S.E. 2d 19 (1973), this Court stated:

"In *Bank v. Lacy,* 188 N.C. 25, 123 S.E. 475 (1924), this Court said: 'The invalidity of one part of a statute does not nullify the remainder when the parts are separable and the invalid part was not the consideration or inducement for the Legislature to enact the part that is valid.' To like effect: *Jackson v. Board of Adjustment,* 275 N.C. 155, 166 S.E. 2d 78 (1969); *Clark v. Meyland,* 261 N.C. 140, 134 S.E. 2d 168 (1964); *Fox v. Commissioners of Durham,* 244 N.C. 497, 94 S.E. 2d 482 (1956); *Power Co. v. Clay County,* 213 N.C. 698, 197 S.E. 603 (1938); *Connolly v. Union Sewer Pipe Co.,* 184 U.S. 540, 46 L.Ed. 679, 22 S.Ct. 431 (1902)."

[3]  Clearly, by the enactment of G.S. 14-318.2 the General Assembly intended to provide for three separate and independent offenses, none dependent on the other. We hold, therefore, that the first section of G.S. 14-318.2 is divisible and separable from the remainder of the statute.

[4]  Defendant was not tried under that section of the statute which she now attacks as being unconstitutional. For that reason, she is not in position to assert the invalidity of that portion.

> "Courts are reluctant to hold invalid any Act of the General Assembly. Before deciding any Act unconstitutional the question must be squarely presented by a party whose rights are directly involved. 'Courts will not declare void an Act of the Legislature unless the question of its constitutionality is presently presented and it is found necessary to do so in order to protect rights guaranteed by the Constitution.' *Fox v. Commissioners,* 244 N.C. 497, 94 S.E. 2d 482. . . ." *Carringer v. Alverson,* 254 N.C. 204, 118 S.E. 2d 408 (1961).

". . . A party who is not personally injured by a statute is not permitted to assail its validity. . . ." *Yarborough v. Park Commission,* 196 N.C. 284, 288, 145 S.E. 563, 567 (1928). See also *Nicholson v. Education Assistance Authority,* 275 N.C. 439, 447, 168 S.E. 2d 401, 406 (1969).

The question of defendant's standing to challenge the constitutionality of a criminal statute has arisen on numerous occasions in the federal courts. Uniformly, the accused has been permitted to assert the invalidity of the law only upon a showing that his rights were adversely affected by the particular feature of the statute alleged to be in conflict with the Constitution. In *Mauk v. United States,* 88 F. 2d 557 (9th Cir. 1937), the defendant was convicted and sentenced on each of thirteen counts of an indictment charging violations of Section 2 of the Harrison Narcotic Act (26 USCA § 1044). On appeal the defendant attacked the constitutionality of 26 USCA 1044(g), another subsection. The Court said, "Since appellant is not indicted under or accused of violating this provision, he has no interest or standing to question its validity. That question is not before us and will not be considered." To like effect see: *United States v. Fiore,* 434 F. 2d 966 (1st Cir. 1970) ; *Weldon v. United States,* 183 F. 2d 832 (D. C. Cir. 1950) ; *Richter v. United States,* 181 F. 2d 591 (9th Cir. 1950).

State v. Fredell

In *United States v. Raines,* 362 U.S. 17, 4 L.Ed. 2d 524, 80 S.Ct. 519 (1960), after stating the rule that the Supreme Court and other federal courts do not rule on constitutional questions in the abstract or when narrower grounds are possible, Mr. Justice Brennan speaking for the Court said:

". . . Kindred to these rules is the rule that one to whom application of a statute is constitutional will not be heard to attack the statute on the ground that impliedly it might also be taken as applying to other persons or other situations in which its application might be unconstitutional. . . ."

[5] In our opinion, and we so hold, the first part of G.S. 14-318.2, which the warrant charged defendant violated and for which violation she was convicted, is a reasonable and proper exercise of the police power of the State and defines the proscribed acts with sufficient definiteness to apprise a person of ordinary intelligence of the conduct forbidden. *In re Burrus,* 275 N.C. 517, 169 S.E. 2d 879 (1969) ; *State v. Brewer, supra; State v. Hales,* 256 N.C. 27, 122 S.E. 2d 768 (1961). Therefore, it is not repugnant to the "due process of law" clause of Section 1 of the Fourteenth Amendment to the United States Constitution and to the "law of the land" clause of Article I, section 19, of the North Carolina Constitution. Defendant's motion to quash was properly overruled.

Since defendant is not charged with a violation of that section which she attacks as being unconstitutional for vagueness, she is in no position to question its validity. That question is not before us and will not be considered.

For the reasons stated, the decision of the Court of Appeals is affirmed.

Affirmed.