STATE OF NORTH CAROLINA v. BEVERLY ANN WOODS

No. 833SC1277

(Filed 2 October 1984)

**Parent and Child § 2.2— child abuse—sufficiency of evidence**
    The evidence was not sufficient to establish a violation of G.S. 14-318.2(a)
by allowing physical injury to be inflicted upon defendant's child when it
showed that defendant, although present in the mobile home at the time of the
incident, was not present in the room where her husband perpetrated the acts
described in the warrant, and that defendant became aware of the abuse of the
child only after it had occurred, when her husband told her of his actions. Fac-
tors to be considered in determining whether a parent charged with allowing
physical injury to be inflicted upon his or her child knew or should have known
that injury was being inflicted include: the proximity of the party charged to
the place of the incident; his or her opportunity to see, hear, or otherwise
become aware of the occurrence; the relationship of all parties involved; the
behavioral pattern and history of the parties; and any other relevant fact
which might give rise to an inference that the party charged knew or could
have known that physical injury was in fact being inflicted on a child.

    Judge PHILLIPS concurs in the result only.

APPEAL by defendant from *Bruce, Judge.* Judgment entered
14 April 1983 in Superior Court, CRAVEN County. Heard in the
Court of Appeals 18 September 1984.

Defendant was charged with violating N.C. Gen. Stat. Sec.
14-318.2, misdemeanor child abuse, in a warrant containing the fol-
lowing words and phrases:

Offense: Child Abuse

Offense in Violation of G.S.: 14-318.2

Date of Offense: 10/12/82

. . .

    I, the undersigned, find that there is probable cause to
believe that on or about the date of offense shown and in the
county named above the defendant unlawfully, willfully being

a person providing care and supervision because of her rela-
tionship as the mother of Jessica Woods, age 2 months, allow
Ulysses Woods Jr. to inflict physical injury upon that child
by: the defendant was present in the house trailer when
Ulysses Woods Jr., the child's father inflicted the injury to
her child and did not attempt to stop the father from inflict-
ing the injury. The physical injury inflicted was severe biting
of the hands, face, lips and body in violation of the law refer-
enced on this Warrant.

Defendant was found guilty as charged and from a judgment im-
posing a prison sentence of two years, suspended on certain con-
ditions, defendant appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney
General Robert E. Cansler, for the State.*

*Beswick, Herring, Graham & Barnhill, by Steven E. Lacy, for
defendant, appellant.*

HEDRICK, Judge.

Defendant assigns error to the denial of her motions to
dismiss, asserting that the evidence was insufficient to permit
submission of the case to the jury. The State responds to this
assignment of error by merely stating: "The trial court did not
err in denying defendant's motion for dismissal at the close of the
State's evidence, and at the close of all the evidence, and in deny-
ing defendant's motion for appropriate relief requesting judgment
notwithstanding the verdict."

When the evidence is considered in the light most favorable
to the State, it tends to show the following: Defendant and her
husband lived in a mobile home in Havelock, North Carolina, with
their infant child Jessica, born on 3 August 1982. On 12 October
1982 defendant was in the back of her home vacuuming, and her
husband and child were in the living room. Ten to fifteen minutes
after defendant began vacuuming, her husband entered the room
and told defendant he had bitten Jessica on the mouth, and that
the child's mouth was bleeding. Approximately five minutes later,
Mr. Woods left the home, following which defendant called her
mother, asking that she come get defendant and Jessica. When
defendant's mother, Mrs. Murphy, arrived, she suggested taking

the infant to a doctor. Mrs. Murphy, defendant, and Jessica then went to the Craven County Hospital emergency room. After arriving at the hospital, the child was examined by Dr. Thomas G. Irons, a pediatrician, who found she had scratches, abrasions, bruises, and scars. Dr. Irons testified that some of the injuries appeared to have been freshly inflicted, while others had been inflicted three weeks or more prior to his examination. X-rays taken of the infant revealed "twist fractures" of the legs, seven fractures of the ribs, and a fractured collarbone. Based on his examination of Jessica, Dr. Irons concluded that her injuries were typical of those associated with "Battered Child Syndrome."

Defendant was interviewed at the hospital by an investigator employed by the Craven County Sheriff's Department, at which time she made a statement recorded by the investigator as follows:

> Beverly Ann Woods stated to the undersigned, me, that her husband, Ulysses Woods, Jr., had bitten her daughter, Jessica Woods, age two months, date of birth, August 3rd, 1982, stated that he had been biting the child for the last month. She stated that she didn't know how the child had gotten the bruises on the face, nose and forehead. She stated that he had bitten the child on the lip. She further stated that she was present in the trailer but not in the room when the acts were performed.

At trial defendant testified to prior incidents of abusive conduct by her husband toward Jessica, indicating that her husband first began biting the child on 2 September, approximately a month after the infant's birth. In her testimony defendant identified five instances of abusive conduct prior to 12 October, stating that she and her husband had argued about his behavior and that she had threatened to leave with Jessica if he persisted in injuring the infant.

Our Supreme Court has held that N.C. Gen. Stat. Sec. 14-318.2(a) establishes three separate and distinct offenses: "[T]he parent by other than accidental means (1) inflicts physical injury upon the child, (2) allows physical injury to be inflicted upon the child, or (3) creates or allows to be created a substantial risk of physical injury." *State v. Fredell*, 283 N.C. 242, 244, 195 S.E. 2d 300, 302 (1973). Defendant in the instant case was charged under

the second provision of the statute with the single and specific act of allowing her husband to inflict physical injury on the child by biting the child on 12 October 1982, in violation of G.S. 14-318.2.

The record in the present case is devoid of any evidence that defendant allowed her husband on 12 October 1982 to inflict physical injury on the child in the manner described in the warrant. There is no evidence that the defendant knew or should have known that her husband was inflicting injury on Jessica on 12 October 1982 so that she could have stopped or prevented him from doing so. Indeed, all of the evidence discloses that the defendant, although in the mobile home at the time of the incident, was not present in the room where her husband perpetrated the acts described in the warrant, and that she became aware of the abuse of the child only after it had occurred, when her husband told her of his actions. Whether a defendant charged with allowing physical injury to be inflicted on a child under this statute knew or should have known that such injury was in fact being inflicted must be determined by all of the facts and circumstances depicted by the evidence in the particular case. Factors that may be relevant in making this determination include: the proximity of the party charged to the place of the incident; his or her opportunity to see, hear, or otherwise become aware of the occurrence; the relationship of all parties involved; the behavioral pattern and history of the parties; and any other relevant fact which might give rise to an inference that the party charged knew or could have known that physical injury was in fact being inflicted on a child. Applying the foregoing rule to the case before us, we are compelled, albeit reluctantly, to hold that the evidence in this record is not sufficient to raise an inference from which the jury could find beyond a reasonable doubt that the defendant knew or should have known on 12 October 1982 that the father was physically injuring this infant in the manner described in the warrant, and the trial court should have granted defendant's motion to dismiss the charge against her.

We note that the evidence in this case discloses that defendant's husband had repeatedly abused this child during the several weeks prior to 12 October, and that the defendant was aware of this deplorable and dangerous situation but took no effective action to stop or prevent the abuse until 12 October. In our opinion,

the evidence in this record is sufficient for a jury to find beyond a reasonable doubt that the defendant "create[d] or allow[ed] to be created a substantial risk of physical injury, upon or to [her] child by other than accidental means," in violation of the third distinct offense described in G.S. 14-318.2(a). The defendant here, however, was neither charged with nor found guilty of this offense.

Judgment vacated.

Judge BECTON concurs.

Judge PHILLIPS concurs in the result only.

In my opinion the evidence recorded fails to show that defendant violated any provision of G.S. 14-318.2, whether alleged or not. Nothing in the evidence suggests to me that she either allowed, created, or controlled the developments that occurred. The only thing to her discredit that I see in the record is that she married a man who is either a thoughtless fool or a sadistic brute; but the General Assembly has not yet made such marriages a crime, and probably could not do so constitutionally.