HOWARD M. LOUGHLIN, KENNETH DONALD CLOSE, BILLY M. DUNCAN, AND THE NORTH CAROLINA SOCIETY OF SURVEYORS, INC. v. NORTH CAROLINA STATE BOARD OF REGISTRATION FOR PROFESSIONAL ENGINEERS AND LAND SURVEYORS, ROBERT D. INMAN, N. NELSON SELLERS, WILLIAM I. BIGGER, JR., JOHN D. WATSON, HOWARD E. McCAULEY, JAMES R. BURROW, AND LARRY D. NIXON

No. 7610SC549

(Filed 16 February 1977)

1. Professions and Occupations— licensed professional engineer — license as registered land surveyor — no practice of land surveying required

G.S. 89C-13(b)(1)h, as enacted in 1975, does not require that a person duly licensed as a professional engineer when that act was passed show that he had also engaged in the practice of land surveying as a condition to obtaining a license as a registered land surveyor.

2. Statutes § 4— constitutionality of statute — testing by injunction — plaintiff's constitutional right impaired

The constitutionality of a statute may never be tested by injunction unless a plaintiff alleges and shows that its enforcement will cause him individually to suffer a personal, direct, and irreparable injury to some constitutional right.

3. Constitutional Law § 12; Professions and Occupations; Statutes § 4— constitutionality of statute — injunctive proceedings — constitutional right impaired — insufficient allegations

Where plaintiffs who were already registered land surveyors sought an injunction to prohibit defendant from issuing licenses as registered land surveyors to professional engineer applicants pursuant to G.S. 89C-13(b)(1)h on the ground that such statute was unconstitutional, allegations by plaintiffs that issuance of such licenses would result in diminished income for them, questioning of their competency, undermining of the public's confidence in them and in their profession in general, and serious impairment of plaintiffs' licenses to practice land surveying were insufficient to show that plaintiffs

individually would suffer irreparable injury to some constitutional right, particularly in view of the fact that, prior to passage of the questioned statute, *every* registered engineer could lawfully engage in the practice of land surveying in this State, but after passage of the statute *only* those registered engineers who filed written application with defendant Board within a stated time could lawfully engage in land surveying.

APPEAL by plaintiffs from *McKinnon, Judge*. Judgment entered 13 April 1976 in Superior Court, WAKE County. Heard in the Court of Appeals 17 November 1976.

Prior to 1975, G.S. 89-12(9) provided that G.S. Chap. 89, entitled "Engineering and Land Surveying," should not be construed to prevent "[a] registered engineer engaging in the practice of land surveying." Chapter 681 of the 1975 Session Laws, which was ratified and became effective 19 June 1975, rewrote G.S. Ch. 89, the new act being codified as G.S. Ch. 89C. G.S. 89C-23 makes it unlawful for any person to practice land surveying in this State without first being registered as a land surveyor. G.S. 89C-13(b) sets forth the requirements for registration as a land surveyor. G.S. 89C-13(b)(1)g provides that a licensed professional engineer who can satisfactory demonstrate to the North Carolina State Board of Registration for Professional Engineers and Land Surveyors that his formal academic training in acquiring a degree and field experience in engineering includes land surveying, to the extent necessary to reasonably qualify him in the practice of land surveying, may be granted permission to take the two four-hour examinations on the principles and practices of land surveying. Upon satisfactorily passing the examinations, such licensed professional engineer may then also be granted a license to practice land surveying in this State.

G.S. 89C-13(b)(1)h is as follows:

"h. Professional Engineers in Land Surveying.—Any person presently licensed to practice professional engineering under this Chapter shall upon his application be licensed to practice land surveying, providing his written application is filed with the Board within one year next after June 19, 1975."

Plaintiffs, alleging that the individual plaintiffs are registered land surveyors practicing under the laws of North Carolina and that the corporate plaintiff is a corporation dedicated

to the improvement of surveying in North Carolina, filed this action on 24 February 1976 against the North Carolina State Board of Registration for Professional Engineers and Land Surveyors and against the individuals who comprise the membership of the Board, seeking a temporary restraining order and a preliminary and a permanent injunction enjoining defendants from issuing licenses as registered land surveyors to professional engineer applicants who fail to complete the application showing prior experience in land surveying. Plaintiffs also prayed that G.S. 89C-13 (b) (1) h be declared unconstitutional. A temporary restraining order was issued. The matter was heard upon plaintiffs' motion for a preliminary injunction and defendants' motions to dismiss the complaint under G.S. 1A-1, Rule 12 (b) (6), and for summary judgment under Rule 56. The parties stipulated to the following:

Following enactment of G.S. Ch. 89C, the Board determined that granting licenses as registered land surveyors to professional engineers as provided by G.S. 89C-13 (b) (1) h would be subject to review by the Board to determine whether the professional engineer had been engaged in the practice of land surveying prior to the enactment of the statute on 19 June 1975. While that procedure was in effect, the Board reviewed and denied thirty-nine applications which did not contain information that the applicant had been engaged in land surveying prior to 19 June 1975. Subsequently, the Attorney General advised the Board that it was without discretion in the matter and that upon application by any registered professional engineer, and without any experience in land surveying being shown in the application, the Board must grant to such applicant a license as a registered land surveyor. Following this opinion, the Board, by a vote of four to three, reversed its earlier decision and advised the thirty-nine applicants previously rejected that their applications were granted. Ninety-five applications were received thereafter up to the date of the hearing, which applications were granted without review by the Board with respect to whether such applications contained any showing of experience in land surveying.

The court, being of the opinion that G.S. 89C-13 (b) (1) h, as enacted in 1975, does not require that a person theretofore licensed as a professional engineer show that he had actually engaged in the practice of, or that he had experience in, land surveying as a condition to obtaining a license as a registered

land surveyor, and further being of the opinion that G.S. 89C-13(b)(1)h is a valid exercise of legislative authority and does not violate any constitutional rights of the plaintiffs, and that the complaint failed to state a claim for relief, dissolved the temporary restraining order theretofore entered and ordered the action dismissed. Plaintiffs appealed.

*Marshall, Williams, Gorham & Brawley by Lonnie B. Williams for plaintiff appellants.*

*Attorney General Edmisten by Assistant Attorney General James E. Magner, Jr., for defendant appellees.*

PARKER, Judge.

[1] Appellants first contend that the trial court erred in its construction of G.S. 89C-13(b)(1)h. They argue that this section, properly construed, does not require the Board to issue a license to practice land surveying to a person who was licensed to practice professional engineering at the time the statute was passed merely upon the timely filing of a written application within one year next after 19 June 1975 and without regard to whether the applicant had engaged in land surveying prior to passage of the act. In support of this contention, appellants argue that G.S. 89C-13(b)(1)h must be construed together with the remaining sections of G.S. Ch. 89C and that, when this is done, a reasonable, consistent, and harmonious construction of the entire chapter requires that the persons to whom G.S. 89C-13(b)(1)h applies be restricted to "Engineers in Land Surveying" as reflected by applications which show that they were regularly engaged in land surveying prior to the effective date of the act. Such a construction, however, ignores the plain language of G.S. 89C-13(b)(1)h. To incorporate into it the limitation which appellants suggest requires both that we ignore the clear and express language which the legislature employed and that we read into the statute by strained judicial construction words which it simply does not contain. Therefore, we reject appellants' first contention and agree with the trial judge that G.S. 89C-13(b)(1)h, as enacted in 1975, does not require that a person duly licensed as a professional engineer when that act was passed show that he had also engaged in the practice of land surveying as a condition to obtaining a license as a registered land surveyor.

[2] Appellants' second contention is that if G.S. 89C-13 (b) (1) h does require issuance of licenses to practice land surveying to all persons who were licensed to practice professional engineering when the act was passed, provided only that they file written application with the Board within one year next after 19 June 1975, then the statute is unconstitutional in that it purports to grant a separate emolument or privilege forbidden by Art. I, Sec. 32, and in that it creates an unjustifiable classification in violation of the "equal protection of the laws" clause of Art. I, Sec. 19, of the Constitution of North Carolina. "The constitutionality of a statute, however, may never be tested by injunction unless a plaintiff alleges and shows that its enforcement will cause him individually to suffer a personal, direct, and irreparable injury to some constitutional right. A party who is not personally injured by it may not assail a statute's validity." *D & W, Inc. v. Charlotte,* 268 N.C. 577, 583, 151 S.E. 2d 241, 245 (1966). "When public officials act in accordance with and under color of an act of the General Assembly, the constitutionality of such statute may not be tested in an action to enjoin enforcement thereof unless it is alleged and shown by plaintiffs that such enforcement will cause them to suffer personal, direct and irreparable injury." *Fox v. Commissioners of Durham,* 244 N.C. 497, 500, 94 S.E. 2d 482, 485 (1956). *See* 42 Am. Jur. 2nd, Injunctions, § 187.

[3] In the present case the complaint contains allegations to the effect that the plaintiffs would be seriously, immediately and irreparably harmed if defendants comply with G.S. 89C-13 (b) (1)h by issuing the licenses as therein directed, in that plaintiffs' licenses to practice land surveying would be seriously impaired, their competency would be subject to question, their income would be reduced, and the public's confidence in the plaintiffs and in their profession in general would be undermined as a result of having unqualified persons licensed to practice·in the field of land surveying. It is obvious that these allegations have no application to the corporate plaintiff, the North Carolina Society of Surveyors, Inc., which is identified only as "a corporation dedicated to the improvement of surveying in North Carolina" and which is not alleged to be itself licensed to practice or to be engaged in practicing land surveying in this State. Insofar as these allegations may apply to the three individual plaintiffs, Loughlin, Close, and Duncan, who are alleged to be "registered land surveyors, licensed and prac-

ticing under the laws of the State of North Carolina," we note that similar allegations as to lowering of standards and diminishing of income were found in *Motley v. Board of Barber Examiners,* 228 N.C. 337, 45 S.E. 2d 550 (1947), to be insufficient to give plaintiffs already licensed standing to invoke equitable protection to prevent others from being licensed in their occupation by virtue of a statute alleged to be unconstitutional. We find the allegations in the present case also insufficient. Here, prior to passage in 1975 of the act now codified as G.S. 89C, of which the challenged G.S. 89C-13(b)(1)h is a part, *every* registered engineer could lawfully engage in the practice of land surveying in this State. Former G.S. 89-12(9) expressly so provided. After passage of G.S. 89C, *only* those registered engineers who file written application with the Board within one year next after 19 June 1975 may lawfully engage in land surveying. Necessarily the number of registered engineers who elect to file such applications cannot be greater, and in all probability will be substantially smaller than the total number of registered engineers eligible to file. If registered professional engineers are in fact not qualified by their specialized education and training to engage in land surveying, which is not shown on the present record, then we fail to see how plaintiffs could suffer any "personal direct, and irreparable injury" to any constitutional right because of a statute which permits fewer than all to do what all might have lawfully done before.

Nothing in this opinion should be interpreted as suggesting that we disagree with the trial judge's expressed view that G.S. 89C-13(b)(1)h is a valid exercise of legislative authority. We hold only that plaintiffs have failed to show standing to challenge its constitutionality in this action.

Affirmed.

Chief Judge BROCK and Judge HEDRICK concur.