IN THE MATTER OF: APPLICATION FOR LICENSE AS A PRACTICING PSYCHOLOGIST OF BURKE F. PARTIN, JR.

No. 7710SC763

(Filed 1 August 1978)

1. Constitutional Law § 10.2— judicial review of statute—no inherent power in courts

A court of this State has no inherent power to review acts of the General Assembly and to declare invalid those which the court disapproves or, upon its own initiative, finds to be in conflict with the Constitution; rather, the authority of a court to declare a legislative act unconstitutional arises from, and is an incident of, its duty to determine the respective rights and liabilities or duties of litigants in a controversy brought before it by the proper procedure.

2. Constitutional Law § 10.2— conflict between statute and Constitution

If there is a conflict between a statute and the Constitution, the court must determine the rights and liabilities or duties of the litigants before it in accordance with the Constitution, because the Constitution is the superior rule of law in that situation.

In re Partin

3. **Physicians, Surgeons and Allied Professions § 5.2— denial of license as practicing psychologist—judicial review—constitutionality of statutes not presented**

Where the only claim for relief asserted by petitioner was that he be granted a license under the Practicing Psychologist Licensing Act, no question as to the constitutionality of sections of that Act was presented to the court upon review of the decision of the Board of Examiners of Practicing Psychologists denying a license to petitioner, since one may not question the constitutionality of the statutes upon which he bases his claim.

4. **Physicians, Surgeons and Allied Professions § 5.2— licensing of practicing psychologist—doctoral degree—primarily psychological studies**

The requirement of G.S. 90-270.11(a)(1)c that an applicant for a license as a practicing psychologist must have received his doctoral degree "based on a program of studies the content of which was primarily psychological" was neither vague nor uncertain but called for the application of objective standards which bore a rational relationship to the purposes of the Practicing Psychologist Licensing Act and furnished sufficiently clear guidelines to control the Board of Examiners of Practicing Psychologists in exercising its licensing and rule-making functions.

5. **Physicians, Surgeons and Allied Professions § 5.2— licensing of practicing psychologist—rule of Board of Examiners—doctoral degree not in psychology**

The Board of Examiners of Practicing Psychologists did not exceed the rule-making power delegated to it by G.S. 90-270.9 in adopting a rule requiring that an applicant's doctoral degree, if other than one based on a Ph.D. program in psychology at an accredited educational institution, must have been based on a program of studies which was psychological in nature with a minimum of sixty hours of graduate study in standard psychology courses, and requiring an applicant who claimed that course work done by him in departments other than in psychology should be counted in meeting the sixty-hour requirement to provide evidence that such courses were psychological in nature.

6. **Physicians, Surgeons and Allied Professions § 5.2— denial of license as practicing psychologist—doctoral degree not in psychology—absence of necessary psychology courses**

The evidence supported findings by the Board of Examiners of Practicing Psychologists that certain graduate courses taken by an applicant who had a Ph.D. in Guidance and Counseling were not psychological in nature and that the applicant failed to carry his burden of showing that another course was psychological in nature, and the Board's findings supported its conclusion that the applicant did not have the necessary sixty hours of graduate study in standard psychology courses.

APPEAL by the respondent, North Carolina State Board of Examiners of Practicing Psychologists, from *Godwin, Judge.* Judgment entered 22 July 1977 in Superior Court, WAKE County. Heard in the Court of Appeals 13 January 1977.

This is an appeal by the North Carolina State Board of Examiners of Practicing Psychologists (hereinafter referred to as the "Board") from a judgment of the superior court which, among other matters, adjudged certain provisions of the Practicing Psychologist Licensing Act, being Article 18A of G.S., Chap. 90, to be unconstitutional.

This matter was initiated on 20 April 1975 when Dr. Burke F. Partin, Jr., who since 1971 had held a license from the Board as a psychological examiner, applied to the Board for a temporary license as a practicing psychologist. This application being denied, Dr. Partin applied for and was granted an administrative hearing before the Board pursuant to Article 3 of G.S., Chap. 150A. Following this hearing, which was held 6 August 1976, the Board entered its order making findings of fact on the basis of which it concluded:

> 1. Dr. Fred Burke [sic] Partin did not receive his doctoral degree from "a program of study the content of which was primarily psychological" as required by G.S. 90-270.11 and does not have the necessary sixty (60) hours of graduate study in standard psychology courses or courses which are psychological in nature as required for an applicant seeking a license on the basis of a degree related to psychology according to Rule .0303(a) of Chapter 54 of Title 21 of the North Carolina Administrative Code in the duly adopted Rules of the North Carolina State Board of Examiners of Practicing Psychologists on file with the Office of the North Carolina Attorney General.

> 2. Dr. Partin does not have appropriate supervised experience as a student and since obtaining his degree necessary for obtaining a license as a Practicing Psychologist as required by Rule .0305(a) of Chapter 54 of Title 21 of the North Carolina Administrative Code, as set out in the Rules of the North Carolina State Board of Examiners of Practicing Psychologists duly adopted and filed with the Office of the North Carolina Attorney General.

On these conclusions the Board denied Dr. Partin's application. Pursuant to G.S. 150A-43, et seq., Dr. Partin filed exceptions to certain of the Board's findings of fact and to its conclusions of law and petitioned for judicial review in the Superior Court of Wake

County, petitioning the court to "reverse the Board's decision denying licensure to this applicant and remand this matter to the Board for issuance of the license of practicing psychologist."

Dr. Partin's petition for judicial review was heard in the superior court upon the record of the proceedings before the Board and on oral argument and briefs presented by counsel for the petitioner and the Board. Following the hearing, Judge Godwin entered judgment dated 22 July 1977 in which he held: first, that certain provisions of Art. 18A of G.S., Chap. 90, particularly G.S. 90-270.2(e), G.S. 90-270.4, and G.S. 90-270.2(d), were unconstitutional, void, and of no effect; second, that in promulgating its rule which is codified as Section .0303(a) of Title 21, Chap. 54 of the North Carolina Administrative Code the Board exceeded the rule-making authority granted to it by G.S. 90-270.9; and third, that the Board's findings of fact 3, 4, 5, and 16 were not based upon substantial evidence in the record and were, therefore, arbitrary and capricious. Judge Godwin's order then concludes as follows:

> Therefore, the Board's conclusions 1 and 2, based upon the above erroneous findings of fact, are not based upon substantial evidence, are arbitrary and capricious, and are hereby reversed by this Court.

> Upon the foregoing, the decision of the Board of Examiners of Practicing Psychologists of November 19, 1976, denying a license to the petitioner is declared null, void and of no effect, and the Board's findings of fact 3, 4, 5 and 16 and conclusions 1 and 2 are reversed.

> This is the 22nd day of July, 1977, at Raleigh, Wake County, North Carolina.

>               s/ A. PILSTON GODWIN, JR.

>               Judge Presiding

From this judgment, the Board appealed.

*Attorney General Edmisten by Associate Attorney Norma S. Harrell for the appellant.*

*Hollowell, Silverstein, Rich & Brady, P.A., by Ben A. Rich for Burke F. Partin, Jr., appellee.*

PARKER, Judge.

In the judgment appealed from, the court held G.S. 90-270.2 (e), which defines "Professional psychological services" for purposes of the Practicing Psychologist Licensing Act, to be unconstitutional on the grounds that the definition contained therein "is so vague, uncertain, sweeping and broad as to confuse men of ordinary intelligence." This court held G.S. 90-270.4, which grants exemption from requirements of the Licensing Act to certain persons in the regular employ of federal, state, county, or municipal government, or other political subdivision, or agency thereof, or of a duly accredited educational institution, or private business, provided such employee is performing duties for which he is employed within the confines of such organization and provided neither the employee nor the organization are engaged in the practice of psychology as defined in the Act, to be unconstitutional on the grounds that it creates an invalid distinction and exempts so many persons that the licensing of the few remaining is not reasonably necessary to promote the public good to the extent required for a valid exercise of the State's police power. The court held G.S. 90-270.2(d), which defines the practice of psychology within the meaning of the Act as the rendering of professional psychological services for a fee, thereby in effect authorizing the rendering of such services by an unlicensed person so long as no fee is charged, to be unconstitutional on the grounds that the threat posed to the public health and welfare by the practice of psychology by an unqualified person is in no way lessened simply because no fee is charged and the Act, therefore, lacks the substantial relationship to the public health or welfare required for a legitimate exercise of the State's police power. In our opinion, none of the constitutional questions discussed in the judgment appealed from were properly before the court in the present proceeding and, by undertaking to deal with them in this case, the court exceeded its authority.

[1, 2] A court of this State has no inherent power to review acts of our General Assembly and to declare invalid those which the court disapproves or, upon its own initiative, finds to be in conflict with the Constitution. Rather, the authority of a court to declare an act of the Legislature unconstitutional arises from, and is an incident of, its duty to determine the respective rights and liabilities or duties of litigants in a controversy brought before it

by the proper procedure. In performing this duty, the court, in the event of a conflict between two rules of law, must determine which is the superior rule and, therefore, the rule governing the rights and liabilities or duties of the parties to the controversy before the court. If there is a conflict between a statute and the Constitution, the court must determine the rights and liabilities or duties of the litigants before it in accordance with the Constitution, because the Constitution is the superior rule of law in that situation. *Nicholson v. Education Assistance Authority*, 275 N.C. 439, 168 S.E. 2d 401 (1969).

[3] In the present case the only question properly presented by petitioner's application to the Board was whether he was entitled to receive the license for which he applied. The Board ruled that he was not, and upon judicial review of this administrative ruling of the Board under the procedure established by G.S. 150A-43 *et seq.*, the only question properly presented to the court was whether the Board had correctly ruled that petitioner was not entitled to a license. G.S. 150A-46 provides that the petition for judicial review shall "explicitly state . . . what relief the petitioner seeks," and the only relief stated in the petition to the superior court in the present case was that the court "reverse the Board's decision denying licensure to this applicant and remand this matter to the Board for issuance of the license of practicing psychologist." Neither the proceedings before the Board nor the judicial review of those proceedings in the superior court presented any question as to petitioner's right to engage in the practice of psychology *without* a license. Therefore, no question of any conflict between the Constitution and the sections of the Practicing Psychologist Licensing Act which the court held to be unconstitutional was properly presented, and it was not necessary for the court to consider such questions to decide the case before it.

The petition for judicial review filed with the superior court in this case did contain allegations setting forth, apparently for the first time in this proceeding, petitioner's contentions as to the unconstitutionality of certain sections of the Practicing Psychologist Licensing Act. However, no relief was sought, nor could any have properly been sought in this proceeding, on account of these constitutional contentions. The only claim for relief asserted by the petitioner throughout this proceeding was that he

be granted a license under the Act, and one may not question the constitutionality of the very Act upon which he bases his claim. *Ramsey v. Veterans Commission*, 261 N.C. 645, 135 S.E. 2d 659 (1964). "One may not, in the same proceeding, seek an advantage which is authorized by a specific statute only and, at the same time, deny the constitutionality of the statute." *Utilities Comm. v. Electric Membership Corp.*, 276 N.C. 108, 118, 171 S.E. 2d 406, 413 (1970).

For the reasons above stated, we hold that the constitutional questions discussed in the judgment appealed from were not properly before the court in this proceeding and that, in undertaking to adjudicate those constitutional questions in this proceeding, the court exceeded its authority. Decision of such questions will have to await a case in which they are properly presented before the court in a proceeding in which determination of the constitutionality of the various statutory sections involved is required in order to adjudicate the respective rights and liabilities or duties of the litigants in the controversy then before the court. In the meantime, "[t]he presumption is that any act passed by the legislature is constitutional." *Ramsey v. Veterans Commission, supra* at 647, 135 S.E. 2d at 661.

We now turn to the other questions presented by this appeal, whether the court was correct in its ruling that the Board exceeded its statutory rule-making authority and in its ruling that certain of the Board's findings of fact were not based upon substantial evidence in the record.

G.S. 90-270.11(a)(1), as that statute was in effect prior to 1 July 1977 and as it was in effect at the time Dr. Partin made application to the Board for license in the present case, provided that the Board should issue a license to practice psychology to any applicant who paid the prescribed fees, who passed a satisfactory examination in psychology, and who submitted evidence verified by oath and satisfactory to the Board that he was at least 21 years of age, of good moral character, and

> c. Has received his doctoral degree based on a program of studies the content of which was primarily psychological from an accredited educational institution; and subsequent to receiving his doctoral degree has had at least two years of

acceptable and appropriate professional experience as a psychologist.

The statute did not further define what constituted "a program of studies the content of which was primarily psychological." However, G.S. 90-270.9 includes the provision that "[t]he Board shall make such rules and regulations not inconsistent with law, as may be necessary to regulate its proceedings and otherwise to implement the provisions of this Article." Pursuant to this authority, the Board adopted Rules, including its Rule .0303(a), which is as follows:

.0303 EDUCATION REQUIREMENTS

> (a) Practicing Psychologist. Licensure for practicing psychologist requires a doctoral degree based on a planned and directed program of studies which are psychological in nature. If the applicant possesses a doctoral degree other than a Ph.D. based on a Ph.D. program in psychology at an accredited educational institution, evidence must be provided that the degree is based on a program of planned and directed studies which are psychological in nature. Sixty semester hours of graduate study in standard psychology courses is the minimum requirement for such a doctoral program. If the applicant wishes to claim that course work done in departments other than psychology should be counted in meeting the 60 hour minimum requirement, evidence must be provided, in a form specified by the board, that such courses are psychological in nature. This evidence shall consist of a description of the courses, textbooks used, name of professor and statement of professor's membership in national, regional and state psychological associations and his license or certification status.

[4, 5]  In the judgment appealed from, the superior court concluded that the words "a program of studies the content of which was primarily psychological," as contained in G.S. 90-270.11(a)(1)c, were so vague and uncertain that they failed to furnish standards sufficiently clear to prevent arbitrary and capricious action by the Board in exercising its delegated licensing and rule-making authority. The court further concluded that the Board's requirement, contained in its Rule .0303(a), that the applicant's doctoral degree, if other than one based on a Ph.D. program in psychology

at an accredited educational institution, must have been based on a minimum of sixty semester hours of graduate study in standard psychology courses, did not constitute a provision either necessary to regulate the Board's proceedings or otherwise to implement the provisions of the Practicing Psychologist Licensing Act, and that therefore it exceeded the Board's delegated rule-making authority as granted to it by G.S. 90-270.9. We do not agree with either of these conclusions of the superior court.

It is, of course, well established that "[i]n licensing those who desire to engage in professions or occupations such as may be proper subjects of such regulation, the Legislature may confer upon executive officers or bodies the power of granting or refusing to license persons to enter such trades or professions only when it has prescribed a sufficient standard for their guidance," and "[w]here such a power is left to the unlimited discretion of a board, to be exercised without the guide of legislative standards, the statute is not only discriminatory but must be regarded as an attempted delegation of the legislative function offensive both to the State and the Federal Constitution." *State v. Harris*, 216 N.C. 746, 754, 6 S.E. 2d 854, 860 (1940). In the present case, however, the Legislature did not grant unlimited discretion to the Board in the matter of licensing practicing psychologists. On the contrary, the Legislature in G.S. 90-270.11 provided the Board with clear and objective standards to guide it in the exercise of its delegated licensing authority. The requirement of the statute that the applicant must have received "his doctoral degree based on a program of studies the content of which was primarily psychological from an accredited educational institution," is in our opinion neither vague nor uncertain. On the contrary, such a requirement calls for application of objective standards which both bear a rational relationship to the purposes of the Practicing Psychologist Licensing Act and furnish sufficiently clear guidelines to control the Board in the exercise of its licensing and rule-making functions. Moreover, in adopting its Rule .0303(a) the Board did not exceed the rule-making authority granted to it by G.S. 90-270.9. That Rule was not inconsistent with but was reasonably necessary to implement the provisions of the Practicing Psychologist Licensing Act. In adopting that Rule, the Board assumed that a doctoral degree, if based on a Ph.D. program in psychology at an accredited educational institution, would

necessarily be a degree based on "a program of studies the content of which was primarily psychological." That assumption appears to us to be entirely reasonable. In addition, the Board recognized that doctoral degrees may be granted based on programs other than in psychology but in fields so closely related as to be properly considered as being "based on a program of studies the content of which was primarily psychological" within the meaning of G.S. 90-270.11(a)(1)c. The Board provided for such a case in its Rule .0303(a) by specifying that sixty semester hours of graduate study in standard psychology courses should be considered the minimum requirement for such a doctoral program. The Rule further provided that if the applicant for licensure holding such a doctoral degree claimed that course work done by him in departments other than psychology should be counted in meeting the sixty-hour requirement, he must provide evidence to show that such courses were psychological in nature, and the Rule then specified the type of evidence which should be provided. These provisions of the Board's Rule not only are not inconsistent with the Practicing Psychologist Licensing Act, but they appear to us to be reasonably necessary to implement the provisions of that Act. Our conclusion that the Board's Rule .0303(a) is consistent with the legislative intent is further strengthened by the amendment effected by Sec. 7 of Chap. 670 of the 1977 Session Laws. That Act amended G.S. 90-270.11(a)(1)c effective 1 July 1977 to read as follows:

> c. Has received his doctoral degree based on a planned and directed program of studies, the content of which was psychological in nature, from an accredited educational institution; and subsequent to receiving his doctoral degree has had at least two years of acceptable and appropriate supervised experience germane to his area of practice as a psychologist.

Accordingly, we hold that in adopting its Rule .0303(a) the Board did not exceed the rule-making power delegated to it by G.S. 90-270.9.

[6] The application of the Board's Rule .0303(a) is well illustrated by the facts of the present case. Here, Dr. Partin, the applicant for licensure as a practicing psychologist, had previously passed the Board's examination in 1971, when he received his license as a

psychological examiner, with a score sufficiently high to qualify him to be licensed as a practicing psychologist. However, he did not hold a doctoral degree in psychology. He was originally a student in the School Psychology Program at UNC-Chapel Hill, but later changed and entered a Guidance and Counseling Program in the Department of Education at UNC-Chapel Hill, where he received his Ph.D. in Guidance and Counseling. Because Dr. Partin's doctoral degree was in a related field rather than in psychology, the Board required that he submit evidence that he had taken a minimum of sixty semester hours of graduate study in standard psychology courses. After reviewing the evidence submitted, the Board found that Dr. Partin had only fifty-one such semester hours. The Board's findings of fact 3, 4, and 5 were as follows:

> 3. E.D.S.T. 315, a course for which Dr. Partin contended he should have been given credit towards the sixty (60) hours necessary, is a course in vocational rehabilitation and is not psychological.

> 4. Education 371, a course for which Dr. Partin contended he should have been given credit towards meeting the sixty (60) hours required, is an independent study course which may be psychological in nature or may be educational in nature depending upon the needs of the student. No documentation established the fact that this course was primarily psychological in nature in Dr. Partin's case.

> 5. Education 206 is a guidance and counselling course and is not primarily psychological.

In the judgment appealed from, the superior court held that these three findings of fact were not based upon substantial evidence in the record and were arbitrary and capricious. We do not agree.

At the outset, we note that G.S. 90-270.11(a)(1) placed the burden on the applicant to submit evidence "verified by oath and satisfactory to the Board" to show that he was qualified for licensure. In regard to the Board's finding of fact number 3 (dealing with the course referred to therein as E.D.S.T. 315 but referred to in the testimony as "EDSP 315, Problems in Rehabilitation Counseling"), Dr. Partin testified that "[t]his is roughly a systems approach at establishing vocational rehabilita-

tion services evaluating the effectiveness of the services" and that the course "overviewed setting up services, canvassing the community, establishing needs oriented toward the delivery of vocational rehabilitation services." He further testified that "this course is in the area of vocational rehabilitation and is listed with the university as a vocational rehabilitation course as opposed to a counseling course." This testimony is consistent with and tends to support the Board's finding that EDSP 315 was "a course in vocational rehabilitation and is not psychological." It is true that Dr. Partin also testified that, "I consider vocational rehabilitation to be psychological," and he presented an affidavit of Dr. Thomas K. White, who taught EDSP 315 and who was a practicing psychologist, in which Dr. White stated that he "would consider this class as having been primarily psychological in nature." However, the Board was not bound by these expressions of the opinions of the applicant and of his teacher. The burden was on the applicant to present evidence that the content of the course was psychological in nature. Other than the conclusory opinions of the applicant and of his teacher, we find no such evidence in the record. In any event it was the function of the Board, and not that of the reviewing court, to resolve conflicts in the evidence and to make findings of fact. The Board's findings of fact, when supported by competent, material, and substantial evidence in view of the entire record, are conclusive on appeal. *In re Berman*, 245 N.C. 612, 97 S.E. 2d 232 (1957); *Baker v. Varser*, 240 N.C. 260, 82 S.E. 2d 90 (1954). The Board's finding of fact number 3, being so supported in this case, is conclusive on this appeal.

In regard to the Board's finding of fact number 4, relating to the course designated therein as "Education 371," Dr. Partin presented evidence to show that the catalog listed this course as "ED-371 Readings and Investigations in Educational Psychology." He testified that he had taken this course in the summer of 1969 and his recollection was "a bit hazy on this," but that his memory was that they "spent time in the schools administering standardized group tests with children during the summer" and that to the best of his recollection they "administered, scored, and prepared a paper on the basis of the research that was done." Dr. Brantley, who taught the course, testified that "[t]he nature of course work in Education 371 might be determined by the individual needs of the student whether it's more educational in

nature or more psychological in nature, needs in the sense of interest or professional determination," but that he could not recall in Dr. Partin's case whether his interest as it related to what he did in that course was primarily psychological or primarily educational in nature. This evidence fully supports the Board's finding of fact number 4, which found only that the course in question might, or might not, have been psychological in nature. Again, the burden was on the applicant, Dr. Partin, to come forward with evidence to show that the content of the course was psychological in nature, and all that his evidence shows is that in his case it may, or may not, have been. In effect, the Board found in its finding of fact number 4 that the applicant had failed to carry his burden of proof. On such inconclusive evidence the Board was not required to make a more determinative finding.

Regarding finding of fact number 5, relating to the course designated as "Education 206," Dr. Partin testified: "The title of this is theories, appraisals, and uses of resource materials and guidance. This covers theories of vocational choice and development, use of vocational materials, and the like." This testimony tends to support the Board's finding that this is a guidance and counseling course and not primarily psychological. The only evidence to the contrary is the statement in Dr. White's affidavit that: "In my judgment Ed. 206 is a primary support class in psychology and such a class or similar class is a usual requirements [sic] in advanced programs in the clinical, counseling, and educational areas." Again, the Board was not bound to accept Dr. White's judgment in this matter. Again, also, the burden was on the applicant, Dr. Partin, to produce evidence to show that the content of the course was psychological in nature. The evidence presented, if it only partially supports the Board's finding number 5 that the course was not primarily psychological, clearly was insufficient to compel a finding that it was.

We note that any one of the Board's findings of fact numbers 3, 4, or 5 would have been sufficient in itself to support the Board's conclusion number 1 that the applicant did not have the necessary sixty hours of graduate study in standard psychology courses, since it would have been necessary for all three of the courses to have qualified in order to make up the necessary sixty hours. We note further that the Board's conclusion number 1 was in itself sufficient to support the Board's order denying Dr.

Partin's application for a license. It is, therefore, unnecessary for us to consider the Board's conclusion number 2 and its finding of fact number 16, on which the Board's conclusion number 2 was based, since these simply supplied an alternative grounds for supporting the denial of license in this case.

The judgment of the superior court here appealed from is reversed and this cause is remanded to the Superior Court of Wake County for entry of a judgment affirming the decision and order of the Board.

Reversed and remanded.

Judges MARTIN and ARNOLD concur.