Wood v. City of Fayetteville

For the reasons stated, we find in the trial court proceedings.

No error.

Judges PARKER and MARTIN (Harry C.) concur.

C. THOMAS WOOD, J. P. RIDDLE, AS OWNERS AND LESSEES UNDER LONG-TERM LEASE, AND DONALD CRAIG HARRIS, TENANT, ON BEHALF OF THEMSELVES AND ALL OTHER PROPERTY OWNERS AND TENANTS OF THE CAMBRIDGE ARMS APARTMENTS, COUNTY OF CUMBERLAND, STATE OF NORTH CAROLINA, SIMILARLY SITUATED, PLAINTIFFS v. CITY OF FAYETTEVILLE, NORTH CAROLINA, AND THE CITY COUNCIL OF SAID CITY, SAID COUNCIL CONSISTING OF BETH D. FINCH, MAYOR, AND J. L. DAWKINS, VINCENT H. SHIELDS, STEVEN R. SATISKY, L. EUGENE PLUMMER, MARION C. GEORGE, JR. AND MARIE W. BEARD, COUNCIL, DEFENDANTS JOHN M. MONAGHAN, JR. AND THOMAS M. McCOY INDIVIDUALLY, AND JOHN M. MONAGHAN, JR. AND THOMAS M. McCOY ON BEHALF OF THEMSELVES AND ALL OTHER CITIZENS, RESIDENTS, AND TAXPAYERS OF THE CITY OF FAYETTEVILLE, CUMBERLAND COUNTY AND STATE OF NORTH CAROLINA, SIMILARLY SITUATED, INTERVENORS, DEFENDANTS

No. 7912SC14

(Filed 6 November 1979)

1. **Constitutional Law §§ 4, 4.1; Municipal Corporations § 2.4— act limiting power to annex—standing to attack constitutionality—citizens and taxpayers**

Intervenors do not have the right as taxpayers of the City of Fayetteville to challenge the constitutionality of an act of the General Assembly which prohibits the annexation of any area in Cumberland County if a majority of the registered voters residing in the area sought to be annexed sign a petition opposing the annexation where intervenors have failed to show that their rights have been directly affected by the act; nor do intervenors have standing to challenge the act as citizens of the City of Fayetteville where they have failed to allege and show some interest other than that "general interest as a citizen in good government in accordance with the provisions of the Constitution."

2. **Municipal Corporations § 2.4— petition in opposition to annexation—invalidity of annexation ordinance**

The evidence supported the trial court's determination that a petition in opposition to annexation signed by a majority of the voters in an area sought to be annexed by the City of Fayetteville was valid and that the Fayetteville City Council adopted an ordinance annexing the area in violation of 1969 N.C. Session Laws, Ch. 1058, § 2.

**3. Municipal Corporations § 2— attack on limitation of power to annex—no standing by city**

> The City of Fayetteville had no standing to contest the validity of an act of the legislature prohibiting the annexation of any area in Cumberland County if a majority of the registered voters residing in the area sought to be annexed sign a petition opposing the annexation, since the City of Fayetteville is a creature of the legislature, has no inherent power to annex, and cannot question a limitation placed by the legislature on its power to annex.

APPEALS by original defendants and Intervenor-Defendants from *Herring, Judge.* Judgment entered 23 August 1978 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 18 September 1979.

This is a civil action for injunctive and declaratory relief brought by plaintiffs, who are citizens and taxpayers of Cumberland County, and residents of Cambridge Arms Apartments located in Cumberland County. It arose out of an annexation proceeding instituted by the City of Fayetteville pursuant to the provisions of G.S. § 160A-45 through § 160A-56. Prior to 1969, Cumberland County was one of twelve counties exempt from the general annexation provisions of G.S. § 160A, Parts 2 and 3. In 1969 the General Assembly, by 1969 N.C. Session Laws, Ch. 1058, § 1, removed Cumberland County from the list of exempt counties. Section 2 of the Act provided in part as follows:

> Provided, that the municipality shall not annex an area if, within 30 days after publication of the notice of intent has been completed, a petition signed by a majority of the registered voters residing in the area to be annexed is filed with the governing body stating that the signers are opposed to annexation.

As a result of the passage of that Act, the annexation procedure for Cumberland County is now that applicable to other areas in the state, with the exception that the option of opposing annexation by petition is available under 1969 N.C. Sess. Laws, Ch. 1058, § 2 to the registered voters who reside in the area sought to be annexed. *See Armento v. City of Fayetteville*, 32 N.C. App. 256, 231 S.E. 2d 689 (1977); petition for disc. rev. denied, 292 N.C. 466, 233 S.E. 2d 921 (1977).

In a verified complaint filed 4 June 1976 plaintiffs alleged that on 26 May 1976 the City Council of Fayetteville adopted an-

nexation ordinance number 173 extending the corporate limits of the City of Fayetteville to include the area known as Cambridge Arms Apartments; that on 5 May 1976, pursuant to the provisions of 1969 N.C. Sess. Laws, Ch. 1058, § 2, applicable to Cumberland County, the residents of the apartments who constituted a majority of the registered voters there located signed a petition in opposition to the proposed annexation; that the petition was timely filed within 30 days of the last date of publication of the Notice of Intent to Annex; and that the City Council, in disregard of the petition, unlawfully adopted annexation ordinance number 173 in violation of § 2 of Ch. 1058, 1969 Sess. Laws. Plaintiffs prayed for a declaratory judgment that annexation ordinance number 173 was unlawful, invalid and void, and that the City be permanently enjoined from enforcement thereof.

In its answer the City admitted that, pursuant to annexation ordinance number 173, it had annexed the area known as Cambridge Arms Apartments, but denied that in so doing it had acted unlawfully. The City raised the defense that 1969 N.C. Sess. Laws, Ch. 1058, § 2 is unconstitutional in that it is an unlawful delegation of legislative power in violation of Article II, Section 1 of the North Carolina Constitution; that it is a local act relating to health, sanitation, and the abatement of nuisances in violation of Article II, Section 24 of the constitution; and that it grants special emoluments to the registered voters of Cumberland County in violation of Article I, Section 32 of the state constitution. Additionally, defendant city alleged that Section 2 deprives it of the equal protection of the laws in violation of the state and federal constitutions.

On 13 July 1976 two individual residents of the City of Fayetteville, John M. Monaghan, Jr. and Thomas M. McCoy, filed a motion on behalf of themselves and all other citizens, residents and taxpayers of the City of Fayetteville, seeking to intervene in the action. They alleged in their motion that G.S. § 160A-45 through § 160A-56 were for their benefit as citizens and that the limitation on the City of Fayetteville's right to annex territory adversely affected intervenors' economic and other interests. They sought either intervention as a matter of right under Rule 24(a)(2) of the Rules of Civil Procedure or permissive intervention under Rule 24(b)(2). In their proposed answer filed with the motion to intervene, the intervenors raised the defense that Section

2 of Chapter 1058 of the 1969 Session Laws is unconstitutional. After a hearing on the motion to intervene, the trial court entered an order on 19 October 1976, permitting intervention under both Rule 24(a)(2) and Rule 24(b)(2). Plaintiffs appealed from the order granting intervention. On the same date, the court granted a motion filed by plaintiffs to strike the constitutional defenses of the city defendant and the City Council on the ground that they lacked standing to raise the constitutional defense.

On 23 May 1977 plaintiffs moved for summary judgment against the defendant. They offered in support of their motion their verified complaint, along with the affidavits of several persons who had signed the petition opposing annexation. The court ruled that it was without jurisdiction to rule on the motion because of plaintiffs' pending appeal from the order granting intervention. On 4 April 1978, this Court issued its opinion in *Wood v. City of Fayetteville*, 35 N.C. App. 738, 242 S.E. 2d 640 (1978), in which it was held that no immediate appeal lay from the order permitting intervention by the citizens, residents and taxpayers of Fayetteville because the plaintiffs had failed to show that the order affected any substantial right. Plaintiffs' petition for discretionary review was denied by our Supreme Court on 6 June 1978. 295 N.C. 264, 245 S.E. 2d 781.

On 19 May 1978 plaintiffs moved to strike the defense of unconstitutionality from the intervenor-defendants' answer, contending that the intervenors lacked standing to challenge the validity of the statute. That motion was denied on 23 August 1978.

At trial before the court without a jury, plaintiffs offered into evidence portions of the minutes of several meetings of the City Council of the City of Fayetteville held in May 1976 at which the annexation ordinance was discussed and finally adopted. They also offered the testimony of several witnesses tending to show that the petition was circulated by the resident manager of Cambridge Apartments, that the manager explained to the residents the meaning of the petition, and that the majority of registered voters in the apartments did sign the petition.

Defendant-City offered no evidence. The intervenors' evidence tended to show that the petition was drawn up by the attorney of a nonresident of the area to be annexed, and that cer-

tain persons signed the petition because they feared increased rent and taxes. The intervenors attempted to offer two documents into evidence relating to population and housing in Cumberland County. These documents were offered on the issue of the constitutionality of the statute. However, on plaintiffs' objection as to their relevance, they were excluded.

At the close of all of the evidence, the court refused to hear arguments on the issue of the constitutionality of 1969 N.C. Sess. Laws, Ch. 1058, § 2, on the ground that the constitutional issue was not presented by the pleadings. Leave to amend intervenors' answer was denied.

In its judgment entered 23 August 1978, the court found as a matter of fact that 25 of the 31 registered voters then residing in the area to be annexed voluntarily signed a valid petition in opposition to annexation in compliance with the requirements of 1969 N.C. Sess. Laws, Ch. 1058, § 2. The court concluded as a matter of law that annexation ordinance number 173, annexing Cambridge Arms Apartments, was adopted in violation of that statute and, therefore, was void. The City of Fayetteville was enjoined from enforcing or proceeding under the ordinance and was also ordered to rescind it.

Original defendants appeal from the order striking the constitutional defenses and from judgment in favor of plaintiffs. Intervenor-defendants appeal from judgment in favor of plaintiffs.

*Rose, Thorp, Rand & Ray, by Ronald E. Winfrey for plaintiff appellees.*

*MacRae, MacRae, Perry & Pechmann, by James C. MacRae for defendant-city appellant.*

*Clark, Shaw, Clark & Bartelt, by John G. Shaw for Intervenor-defendants-appellants.*

PARKER, Judge.

INTERVENOR-DEFENDANTS' APPEAL

[1] On this appeal the intervening defendants have sought to raise several questions concerning the trial court's rulings which resulted in its refusal to hear argument on or to pass on the con-

Wood v. City of Fayetteville

stitutionality of Section 2 of Chapter 1058 of the 1969 Session Laws. Because we find that the intervenors lack standing to challenge the constitutionality of that statute, we do not consider the merits of these contentions.

A court of this State has no inherent power to review acts of our General Assembly and to declare invalid those which the court disapproves or, upon its own initiative, finds to be in conflict with the Constitution. *In re Partin*, 37 N.C. App. 302, 246 S.E. 2d 519 (1978); *Green v. Eure*, 27 N.C. App. 605, 220 S.E. 2d 102 (1975) *cert denied, appeal dismissed*, 289 N.C. 297, 222 S.E. 2d 696 (1976). "Only those persons may call into question the validity of a statute who have been injuriously affected thereby in their persons, property or constitutional rights." *Canteen Service v. Johnson, Com'r of Revenue*, 256 N.C. 155, 166, 123 S.E. 2d 582, 589 (1962); *See Nicholson v. Education Assistance Authority*, 275 N.C. 439, 168 S.E. 2d 401 (1969); *Carringer v. Alverson*, 254 N.C. 204, 118 S.E. 2d 408 (1961). "The 'gist of the question of standing' is whether the party seeking relief has 'alleged such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentations of issues upon which the court so largely depends for illumination of difficult constitutional questions.' " *Stanley, Edwards, Henderson v. Dept. Conservation & Development*, 284 N.C. 15, 28, 199 S.E. 2d 641, 650 (1973) [quoting from *Flast v. Cohen*, 392 U.S. 83, 99, 20 L.Ed. 2d 947, 961, 88 S.Ct. 1942, 1952 (1968).]

In their verified motion to intervene the individual intervenors alleged that they either owned real property on which city taxes were paid or that they were city residents who paid city taxes on personal property. They further alleged in general terms that "any purported limitation [on the city's right to annex] would adversely affect the Intervenors' economic interest," and that the question of constitutionality involved a "question of concern and general interest to all citizens, residents, and taxpayers of the City of Fayetteville." At the hearing on the motion to intervene, one of the intervenors testified only that he was a property owner in Fayetteville. He further stated:

> . . . I do not own any property contiguous to the proposed area of annexation, nor do I own any property within three miles of the proposed area.

I have no other interests, other than those of a citizen and taxpayer, that might be directly related to or harmed by the resolution of the lawsuit between the Plaintiffs and Defendant City of Fayetteville.

John M. Monaghan, Jr., the other individual intervenor, testified:

*I feel* that my interests as a resident, citizen and taxpayer are affected by the annexation provision. As a taxpayer *I feel* I am called upon to bear the burden of extraordinary levels of service to serve people who live outside the boundaries of Fayetteville, but who use the various services that are provided by the city. One example of this is police protection for nonresidents who enter the city to do business, and any number of other things, such as use of recreational facilities, city streets, and health care facilities, by county residents. (Emphasis added)

On the basis of the evidence offered by the intervenors and the verified motion to intervene, they were made parties to this suit. Assuming that the evidence offered provided a sufficient basis for intervention, the fact that a party has a right or is permitted to intervene does not establish his standing to raise a constitutional challenge. A taxpayer, as such, has no standing to assert the invalidity of a statute unless he can allege and show that he has been injuriously affected. *Nicholson v. Education Assistance Authority, supra; Wynn v. Trustees,* 255 N.C. 594, 122 S.E. 2d 404 (1961). Taking the record as a whole, we conclude that the defendant-intervenors have failed to allege specific injury or to offer proof of any such injury. The broad reference to "economic injury" in the intervenors' motion to intervene is not a concrete allegation of direct injury. Further, the one reference in the record to such injury consists of the subjective opinion of an individual intervenor that "[a]s a taxpayer *I feel* I am called upon to bear the burden of extraordinary levels of service to people living outside of Fayetteville, but who use the various services that are provided by the city." In the absence of any showing that their rights have been directly affected, intervenors, as taxpayers, may not now seek a resolution of the constitutional issues.

In their position as citizens, the intervenors have also failed to meet the necessary requirements of standing. It was incum-

bent upon them to allege and show some interest other than that "general interest as a citizen in good government in accordance with the provisions of the Constitution." *Nicholson v. Education Assistance Authority, supra* at 448, 168 S.E. 2d at 406. Their interest in the City of Fayetteville's purported "right to annex" is not such an interest as permits them to question the validity of a state statute.

[2]　Intervenor defendants also assign error to the trial court's finding of fact on which it based its conclusion that the petition in opposition to annexation was valid and that annexation ordinance number 173 of the City of Fayetteville was unlawful, invalid, void and of no effect. They contend that plaintiffs have failed to prove that a majority of the thirty-one registered voters were actually opposed to the annexation. This contention is without merit. It is significant that the defendants did not except to the court's finding of fact that 25 of the 31 registered voters then residing in the area to be annexed did sign the petition in opposition to annexation. Although the intervenor-defendants did except to the court's finding of fact that the signatures of the registered voters on the petition were voluntary, there was ample evidence to support this finding. It is, therefore, conclusive on this appeal. *Harrelson v. Insurance Company*, 272 N.C. 603, 158 S.E. 2d 812 (1968). Also, the court's conclusion of law that the petition was valid and that the City Council adopted Annexation Ordinance Number 173 in violation of 1969 N.C. Session Laws, Ch. 1058, § 2 is fully supported by the findings of fact.

　　　The assignments of error made by the intervenor-defendants are overruled.

## ORIGINAL DEFENDANTS' APPEAL

[3]　Defendant-City's only contention on this appeal is that the trial court erred in ruling that the City has no standing to contest the validity of 1969 N.C. Session Laws, Ch. 1058, § 2 and in striking its constitutional defenses. The City of Fayetteville contends that this question is controlled by the decision in *Board of Managers v. Wilmington*, 237 N.C. 179, 74 S.E. 2d 749 (1953). We do not agree. In that case, the City of Wilmington was permitted to challenge the constitutionality of several local laws which purported to grant it the power to enter into a contract with a

hospital for the hospitalization and medical care of the "indigent sick and afflicted poor" of the city. In its brief the hospital argued that the city was estopped to challenge the constitutionality of the local laws which had purported to give the City that power, and further had waived any right to do so. In answer to that argument, our Supreme Court stated:

> The City cannot be estopped from challenging the constitutionality of laws affecting it in its governmental capacity. "A municipality is not estopped to assert that its policy in a particular matter has been in violation of the Constitution and that it is prohibited from pursuing such course in the future." (citation omitted). "The doctrine of ultra vires is applied with greater strictness to public than to private corporations, and the rule is that a municipality . . . is not estopped by an act or contract which is beyond the scope of its corporate powers. . . ."

237 N.C. at 189, 74 S.E. 2d at 757.

In the *Wilmington* case, the City was permitted to challenge as unconstitutional and to refuse to exercise a purported grant of power to it by the legislature. In the present case, the City of Fayetteville attempts to challenge a *limitation* placed on its power to annex. In a more recent case, *In re Appeal of Martin,* 286 N.C. 66, 209 S.E. 2d 766 (1974), our Supreme Court held that Mecklenburg County had no standing to challenge a state statute which limited its power to tax. The Court stated:

> The question whether a state subdivision has standing to contest the constitutionality of a State statute has produced conflicting decisions in other jurisdictions. (citations omitted). But the prevailing view is that a subdivision of the State does not have standing to raise such a constitutional question. (citation omitted) Likewise, a majority of jurisdictions which have considered whether a city or county may challenge a tax statute on constitutional grounds answer in the negative. (citations omitted). Although these decisions do not articulate a well defined rule of law, much of their reasoning in [sic] persuasive.

286 N.C. at 73-74, 209 S.E. 2d at 772.

In the case now before us, the City of Fayetteville, like Mecklenburg County in *Martin*, seeks to have an act declared void which limits its powers. As our Supreme Court noted in *Martin*, Mecklenburg County is a creature of the General Assembly and an agency of the state and has no inherent power to tax. Similarly, the City of Fayetteville, a municipality, is a creature of the legislature and an agency of the state, see *State v. Furio*, 267 N.C. 353, 148 S.E. 2d 275 (1966), and it has no inherent power to annex. *Huntley v. Potter*, 255 N.C. 619, 122 S.E. 2d 681 (1961). In light of *Martin*, we hold that the City cannot question the limitations placed by the legislature on its power to annex. Defendant-City's assignment of error is overruled.

The judgment appealed from is

Affirmed.

Chief Judge MORRIS and Judge MARTIN (Robert M.) concur.